LOCKHART v. HEWITT, Chief of Police of City of Rapid City.

Where the facts are such that different impartial minds might reasonably draw different conclusions, the question should be submitted to the jury.

(Opinion filed November 17, 1904.)

Appeal from circuit court, Pennington county; Hon. LEVI McGEE, Judge.

Action by Frank M. Lockhart against Thomas Hewitt, as chief of police of the city of Rapid City. From a judgment for plaintiff, defendant appeals. Reversed.

*Buell & Gardner*, for appellant.

FULLER, J. At the trial of this action in claim and delivery to recover the possession of certain cattle impounded by the defendant under an ordinance of the city, and after both parties had rested, the court withdrew all evidence from the jury, excepting such as related to damages alleged to have been sustained by plaintiff on account of the wrongful detention of such property. Without questioning the validity of the ordinance, the trial court held, as a matter of law, "that the plaintiff used ordinary care and diligence in herding his stock to keep them from going within the limits of Rapid City, and that the only question to go to the jury is the matter of damages." All testimony pertaining to plaintiff's damages consists of conclusions introduced over valid objections, and the

evidence with reference to a violation of the ordinance is such that the jury might reasonably find for the defendant. The facts being such that different impartial minds might reasonably draw different conclusions from them, they should have been submitted to the jury. Haugen v. Chicago, M. & St. P. Ry. Co., 3 S. D. 394, 53 N. W. 769; Land & Irrigation Co. v. Hawley, 7 S. D. 229, 63 N. W. 904; McKeever v. Homestake Mining Co., 10 S. D. 599, 74 N. W. 1053; Kielbach v. Chicago, M. & St. Paul Ry. Co., 13 S. D. 629, 84 N. W. 192.

The judgment appealed from is reversed, and a new trial ordered.