HOLDHUSEN, Respondent, v. SCHAIBLE, Appellant.
WARNECKE, Respondent, v. SCHAIBLE, Appellant.

(244 N. W. 392.)

(File Nos. 7324-25. Opinion filed October 4, 1932.)

*Tom Kirby,* of Sioux Falls, and *Corrigan & Walton,* of Aberdeen, for Appellant.

*J. M. Berry,* of Ipswich, for Respondents.

ROBERTS, J. J. F. Holdhusen, as administrator of the estate of Louis A. Warnecke, deceased, instituted action against the defendant under the Death by Wrongful Act Statute (Rev. Code 1919, § 2929). Emma Warnecke, wife of decedent, also brought an action to recover from the defendant damages for personal injuries alleged to have been sustained while she was riding in an automobile owned and driven by the defendant. The two actions, arising out of the same accident, were by the agreement of the parties consolidated for the purposes of trial. The trial below resulted in a verdict and judgment for the plaintiff in each case.

The Warneckes resided in the city of Aberdeen. On the morning of the accident, Mrs. Warnecke stated to the defendant that she wished to visit friends near Ipswich, and he replied, "I will take you out there." On the return trip Mrs. Warnecke and her younger son sat in the front seat with the defendant, and the husband, Louis Warnecke, the older son, and a neighbor boy sat in the rumble seat of the car. The defendant passed a car driven by Nathan Bird going in the same direction. Bird then undertook to pass the defendant, and not succeeding in so doing, followed the defendant for at least two miles at a speed of forty-five to fifty-five miles per hour. The defendant had overtaken a car

driven by J. F. Holdhusen, and undertook to pass the Holdhusen car. In such attempt the defendant drove his car over the edge of the traveled highway into the ditch on the left hand or north side of the road. The car ran along in the ditch approximately one hundred forty feet, and grazed a telephone post near the edge of the ditch. Louis Warnecke, riding on the left side in the rumble seat, struck his head against this post, causing his death. When defendant attempted to drive the car back onto the grade, it overturned, as a result of which the plaintiff Emma Warnecke received the injuries for which she seeks to recover.

Errors relied upon for reversal of the judgments and orders overruling motions for new trial are: First, that the undisputed evidence establishes that the defendant conveyed the plaintiff wife and her deceased husband at her request and as their agent, and that they therefore assumed all the risk of transportation; second, that if the relationship of host and guest existed, plaintiff wife and her deceased husband acquisced in the negligence of the defendant; and, third, that the evidence does not establish gross negligence on the part of the defendant.

█ The liability of an owner of an automobile to a gratuitous guest for injuries resulting from the negligence of the former was considered in the case of Barger v. Chelpon, 60 S. D. 66, 243 N. W. 97. The rule there announced is that the driver of an automobile is liable for injuries to an invited guest if he fails to exercise care not to increase the danger to the guest or to create a new danger. Defendant contends that the evidence establishes the fact that Mrs. Warnecke requested the defendant to convey her and her family to visit friends near Ipswich and that a distinction prevails between the duty owing to an invitee and a self-invitee. Defendant includes in his citation of authorities in support of his contention the case of Lutvin v. Dopkus, 94 N. J. Law, 64, 108 A. 862, which in effect holds that a person gratuitously conveyed in the automobile of another at his own request is a licensee and the legal obligation imposed upon the driver is that of refraining from the perpetration of acts wantonly or willfully injurious. The weight of authority, however, is in support of the rule that a driver of an automobile owes to a guest the duty to exercise ordinary care not to increase the danger to the guest or to create a new

danger whether the person is an invited or a self-invited guest. The reasoning of the court in Munson v. Rupker (Ind. App.) 148 N. E. 169, 173, appears to us to be sound: "The rule as to trespassers and licensees upon real estate, with all its niceties and distinctions, is not to be applied to one riding in an automobile at the invitation of, or with the knowledge and tacit consent of, the owner and operator of the automobile. A trespasser and licensee going upon a tract of land—an inert, immovable body—takes it as he finds it, with knowledge that the owner cannot and will not by any act of his start it in motion and hurl it through space in a manner that may mean death to him who enters thereon. He who enters an automobile to take a ride with the owner also takes the automobile and the driver as he finds them. But, when the owner of the automobile starts it in motion, he, as it were, takes the life of his guest into his keeping, and in the operation of such car he must use reasonable care not to injure any one riding therein with his knowledge and consent. It will not do to say that the operator of an automobile owes no more duty to a person riding with him as a guest at sufferance, or as a self-invited guest, than a gratuitious bailee owes to a block of wood. The law exacts of one who puts a force in motion that he shall control it with skill and care in proportion to the danger created. This rule applies to a guest at sufferance as well as to a guest by invitation." See, also, Galloway v. Perkins, 198 Ala. 658, 73 So. 956; Robinson v. Leonard, 100 Vt. 1, 134 A. 706; Mitchell v. Raymond, 181 Wis. 591, 195 N. W. 855; Black v. Goldweber, 172 Ark. 862, 291 S. W. 76; Grabau v. Pudwill, 45 N. D. 432, 178 N. W. 124.

■ The negligence of the defendant was not imputable to the plaintiff Emma Warnecke, or her husband. They had no control of the car nor of its management. The relation of master and servant, or of principal and agent, or of being engaged in a joint enterprise, did not exist.

■ ■ The nonexistence of agency or attributive negligence did not excuse Emma Warnecke and the decedent from exercising due care, and this brings us to a consideration of the second contention that they acquisced in the negligence of the defendant. The decedent was riding in the rumble seat of the car, and it does not appear that he knew the speed at which the car was going or

that he had reason to apprehend danger. If he was not without opportunity to remonstrate, it at least could not have been accomplished without much difficulty. These several facts and circumstances must be considered, and it cannot be said as a matter of law that decedent acquisced in the negligence of the defendant. There was evidence that Mrs. Warnecke protested as to the speed the defendant was driving, and it was for the jury to determine whether she acquiesced in the negligent manner in which the defendant drove his car.

■ ■ The defendant urges upon this court the rule that a person inviting another to ride in his car is not liable for injury to him in the absence of gross negligence, and cites in support of his contention that this court has recognized the doctrine of comparative negligence the case of Carlson v. Johnke, 57 S.D. 544, 234 N.W. 25, 72 A.L.R. 1352. It was there held that where the conduct of a defendant that occasioned a personal injury was wanton or it indicates that degree of indifference to the rights of others which may be justly characterized as reckless, the doctrine of contributory negligence as a defense has no application. Willful or wanton conduct, however, is not the equivalent of gross negligence as pointed out in Endorf v. Johnson, 59 S. D. 549, 241 N. W. 519. The case of Carlson v. Johnke, supra, gave no recognition to the doctrine of comparative negligence, and under the rule prevailing in this jurisdiction the plaintiffs were not required to establish gross negligence to entitle them to recover.

The judgments and order appealed from are affirmed.

CAMPBELL, P. J., and POLLEY, WARREN, and RUDOLPH, JJ., concur.