HALL, Respondent, v. HALL, Appellant.

(258 N. W. 491.)

(File No. 7640. Opinion filed January 24, 1935.)

*Bailey & Voorhees* and *M. T. Woods,* all of Sioux Falls, for Appellant.

*O'Keeffe & Stephens,* of Pierre, for Respondent.

RUDOLPH, J. This is another so-called guest or nonpaying passenger case arising out of an automobile accident. The circumstances out of which this action arose occurred prior to the enactment of chapter 147, Laws 1933. The defendant is the daughter of the plaintiff. Defendant and plaintiff both lived in Pierre. In June, 1931, defendant contemplated a trip to the southeastern part of the state, and invited her father to accompany her on the trip. The accident occurred when plaintiff and defendant were returning to Pierre and at a point shortly after the highway, upon which the car was being driven, crossed a railway track. Defendant was driving, and in crossing the track defendant drove to the south side of the road, which was her left-hand side as she was proceeding west. In the center of the road was a ridge of gravel twelve to eighteen inches in height and about two feet wide at the bottom. Defendant continued to drive her car on the south side of the road for a short distance, and then attempted to cross the ridge of gravel for the purpose of getting on her own right-hand side of the road. In attempting to make this crossing, the car was upset, and the plaintiff received the injuries for which he seeks to recover in this action. Defendant admits that she was driving at the rate of thirty-five or forty miles an hour at the time she attempted to cross to the right of the gravel. Verdict and judgment were for the plaintiff, and defendant has appealed.

Appellant's position is substantially as follows: First, that her motion for a directed verdict should have been allowed because the record conclusively establishes that the accident was due to her lack of proficiency in operating her automobile, that the plaintiff knew of the degree of her proficiency in the operation of an automobile, and that therefore the plaintiff assumed the risk of this injury; second, conceding that the record does not conclusively establish that the accident was the result of the lack of proficiency in the appellant, nevertheless the jury might so find from the evidence, and it was error not to submit the question of assumption of risk to the jury.

The doctrine of assumption of risk as distinguished from con-

tributory negligence is now generally recognized in nonpaying passenger cases arising out of automobile accidents. Kelley v. Gagnon, 121 Neb. 113, 236 N. W. 160; Roy v. Kirn, 208 Mich, 571, 175 N. W. 475; Avery v. Thompson, 117 Me. 120, 103 A. 4, L. R. A. 1918D, 205, Ann. Cas. 1918E, 1122; Saxe v. Terry, 140 Wash. 503, 250 P. 27; Leonard v. Bartle, 48 R. I. 101, 135 A. 853; Scory v. La Fave (Wis.) 254 N. W. 643; 20 Va. L. Rev. 326. Strictly speaking, perhaps, this doctrine of assumption of risk as applied to nonpaying passenger cases is comparable to the original doctrine of "assumption of risk" referred to in the case of Maher v. Wagner, 62 S. D. 227, 252 N. W. 647; i. e., it refers to the risks which are known or should be known when the nonpaying passenger enters the car, and not to the risk of a new danger created by the negligence of the driver in which the nonpaying passenger concurs. In other words, it might be said that, with respect to dangers or risks which are known or should be known by the nonpaying passenger when he enters the car, the operator of the car owes no duty to the nonpaying passenger, and there is in fact no actionable fault or breach of duty on the part of the operator of the car. This seems to be the real basis of the doctrine, although it is referred to as assumption of risk. This court has recently recognized the doctrine. Pettys v. Leith, 62 S. D. 149, 252 N. W. 18. In this last case this court held that a nonpaying passenger upon entering an automobile assumes the risk of injury arising from defect in the car of which he has notice. The basis of this holding is that the duty of the owner or operator of an automobile "extends only to refrain from increasing the danger which the non-paying passenger assumes upon entering the automobile, or from adding a new danger." See, also, Barger v. Chelpon, 60 S. D. 66, 243 N. W. 97; Holdhusen v. Schaible, 60 S. D. 275, 244 N. W. 392.

The question now arises, should the doctrine announced in Petteys v. Leith, supra, to the effect that the nonpaying passenger assumes the risk of injury arising from known structural defects in the vehicle, be extended to include the known degree of proficiency in the driver? We believe that it should. Certainly it would seem that the lack of skill or proficiency of a driver is one of the dangers incident to automobile travel. The view that a skilled and competent driver will avoid accident that befalls the unskilled and incompetent driver needs no extended discussion in

support thereof. We conclude, therefore, that a nonpaying passenger, when he enters an automobile, should and does assume the risk of any injury resulting from the lack of proficiency of the driver, at least to the extent that the degree of proficiency is known to the nonpaying passenger. This record discloses that the plaintiff knew of the degree of proficiency attained by the defendant in driving an automobile. The plaintiff testified: "I had occasion to observe her driving then and knew how well she could drive before I went to Sioux Falls, I was thoroughly familiar with the way she drove an automobile."

It follows that, if appellant, at the time in question, exercised, such skill and judgment as she possessed, the extent of which was known to respondent, respondent cannot recover.

This brings us to the question of whether or not the record conclusively establishes that appellant did exercise such skill and judgment as she possessed. True, the appellant testified that she did not expect to have an accident, and that she had crossed similar ridges of gravel without accident. However, we do not believe this is conclusive of the fact that her lack of skill or proficiency caused this accident. The appellant had driven and operated a car for a period of about five years; she was not, therefore, an inexperienced driver. She further testified: "I would say the thing I had in mind was to get across on my own side. I didn't consider it for any length of time before starting across. I couldn't say exactly how fast I was going. * * * Thirty-five or forty miles an hour is as near right as I would know. When I started making the crossing, I started on a sudden impulse of my own."

We believe, therefore, that the jury might have found from this evidence that, rather than having exercised such skill and judgment as she possessed, the appellant failed to make reasonably careful observation before attempting to cross the ridge of gravel. Where the evidence is such that impartial minds might reasonably draw different inferences, the question is for the jury. Harrison v. Chicago, M. & St. P. Ry. Co., 6 S. D. 100, 60 N. W. 405; Reid v. Kellogg, 8 S. D. 596, 67 N. W. 687; Lockhart v. Hewitt, 18 S. D. 522, 101 N. W. 355; Sprick Brothers Investment Company v. Whipple, 33 S. D. 287, 145 N. W. 559; Heidner v. Germschied, 41 S. D. 430, 171 N. W. 208; Dimock State Bank v. Boehnen, 46 S. D. 50, 190 N. W. 485. The nonpaying passenger does not

assume the risk of accident arising because a driver is inattentive and careless in making observations. The rule is well stated in the case of Harter v. Dickman, 209 Wis. 283, 245 N. W. 157, 158: "The established rule as to assumption of risk by a guest should not be extended to situations where a host is inattentive and careless in making observations, to situations where his faulty judgment is based upon faulty premises proceeding from careless observations, or to hasty judgments resulting from careless observation."

Whether this accident was the result of the appellant exercising such skill as she possessed, which was not sufficient, or whether it was the result of her failure to make a careful observation of the conditions which confronted her, we believe was a question which might have been determined either way upon this evidence.

■ The court failed to instruct the jury upon the question of assumption of risk, and refused a requested instruction of the appellant which covered this feature of the case. While it would have been better for the appellant in her requested instruction to have indicated the risk which it is claimed the plaintiff assumed, nevertheless, in the absence of any instruction upon this question, · we are satisfied that it was error to refuse to give the instruction requested by appellant. Other alleged error we do not believe will be apt to reoccur should the case be retried.

The judgment and order appealed from are reversed.

WARREN, P. J., and ROBERTS, J., concur.

POLLEY, J. (concurring specially). The defendants requested the giving of the following instruction: "It is the law that when a guest, riding in an automobile knows or reasonably should know of risks incident to his so riding and acquiesces therein or consents thereto, then the guest assumes such risk."

I think this instruction should have been given. It is the established rule in this state that the owner of an automobile is liable to an invited guest for injuries received while riding in such automobile only when he fails to exercise ordinary care for the safety of the guest. Barger et al. v. Chelpon, 60 S. D. 66, 243 N. W. 97.

There is nothing in the record from which it may be inferred that defendant was not exercising ordinary care at the time of

the accident. The ridge of gravel along the center of the road was not placed there as a barrier to prevent people from driving from one side of the road to the other. It was placed there with the understanding that the users of the road would drive over and through the same and in that way spread the gravel over the surface of the road. Defendant testified that she had seen such ridges before and had driven through them without untoward result. Under these circumstances a jury would not be warranted in finding that defendant was driving recklessly or was not exercising ordinary care. I think the judgment and the order appealed from should be reversed and remanded to the trial court with directions to dismiss the action.

CAMPBELL, J. (concurring specially). I concur in the holding arrived at by the foregoing opinion with reference to the extent of the duty to drive skillfully and competently which the driver of an automobile owes to a gratuitous passenger therein, though I think it is to some extent a departure from some of the previous decisions of this court. The matter arising prior to the effective date of chapter 147, Laws 1933, the interpretation or effect of that statute requires no consideration. I believe the rule announced to be equivalent in substance and effect to that set forth in the A. L. I. Restatement of the Law of Torts, § 323, in the following language: "One who gratuitously renders services to another, otherwise than by taking charge of him when helpless, is subject to liability for bodily harm caused to the other by his failure, while so doing, to exercise with reasonable care such competence and skill as he possesses or leads the other reasonably to believe that he possesses."

In the instant case respondent had often ridden with appellant and was fully informed from his own observation (as he himself admits) as to how much skill and competence as an automobile driver appellant possessed. Consequently her invitation to him to ride with her should not be deemed to represent or reasonably lead him to believe that she possessed average skill or indeed any particular degree of skill or competence other than he had previously observed. Under these circumstances, her sole duty to him was to exercise with reasonable care such competence and skill as she in fact possessed.

In this case the most troublesome problem is the application of the law to the facts. The final result must be determined according to the solution of a fact question, which may be thus stated: "Did this accident occur because of lack of competence or skill on the part of appellant, or did it occur because appellant negligently failed to exercise that degree of competence and skill of which she was actually possessed?"

It is frequently quite difficult to distinguish between lack of skill and carelessness in exercising a possessed skill. The point is considerably discussed in the several opinions in the Wisconsin case of Hensel v. Hensel Yellow Cab Co. (1932) 209 Wis. 489, 245 N. W. 159. See, also, Eisenhuth v. Eisenhuth (1933) 212 Wis. 467, 248 N. W. 440, 250 N. W. 441, 91 A. L. R. 549; Grover v. Sherman (1934) 214 Wis. 152, 252 N. W. 680.

Appellant here had observed this ridge of gravel to some extent at least; she knew it was there; she said that she had crossed similar ridges before without difficulty. She formed at least some sort of a judgment that she could safely cross this one and deliberately attempted so to do, not expecting to have an accident. On the other hand, she says also that she did not consider the matter for any length of time before starting across, but started rather on a sudden impulse of her own. It seems to me that reasonable men might differ in opinion as to whether this record viewed as a whole presents a case of lack of ordinary care in observation before forming a judgment (in which event there would be liability), or whether it presents a case of observation made with ordinary care and a judgment formed thereon (and action taken accordingly), which judgment a better skilled or more competent driver might not have formed upon the same observed facts (in which event there would be no liability).

I believe, therefore, that the matter is for the jury under proper instructions, and consequently I think the opinion of Judge RUDOLPH correctly disposes of the appeal.