SCHILTZ, Respondent v. PICTON, Appellant

(282 N. W. 519.)

(File No. 8129.   Opinion filed December 10, 1938.)

*Williamson & Williamson,* of Aberdeen, for Appellant.
*J. M. Berry,* of Ipswich, for Respondent.

RUDOLPH, J.  The plaintiff, a boy ten years of age, brought this action, by his guardian ad litem, to recover against the defendant for injuries which plaintiff sustained after alighting from a bus operated by defendant's agent.  So far as here material the following facts are disclosed by this record.  The defendant entered into a contract with the Ipswich Independent School District for the transportation of pupils to and from the pupils' residences and the Ipswich public school.  In this contract the defendant was designated as party of the second part.  The material part of the contract is as follows:  "The Party of the Second Part agrees that she will furnish, equip and maintain one motor bus and transport thereby the school children of the above school district residing on the North Route, to and from their several places of residence, and the Ipswich Public School, within the City of Ipswich, for a period of three years from September 2nd, 1935, at all times that the public schools are in session."  The plaintiff did not attend the public school but attended a school designated in the record as the "Catholic School" located in Ipswich.  Sometime after the contract was entered into the defendant was told by the superintendent of the Ipswich public school "to drive to the Catholic school and get the children there."  The plaintiff lived in the city of Ipswich and only a few blocks from the school which he attended.  On the day in question plaintiff got into the bus of the defendant at the Catholic school and rode in the bus a distance of eleven or twelve miles while pupils were being delivered to their homes in the country, and returned with the bus to Ipswich.  The bus came into Ipswich on what is known as Highway No. 12.  The plaintiff's home was about two blocks south of this highway.  Upon arriving in Ipswich the bus driver stopped his bus on the highway at a point north of plaintiff's home.  Plaintiff alighted from the

bus, ran around the rear end and out into the street, and either struck or was struck by a car coming from the direction toward which the bus was facing. The alleged negligence on the part of the driver of the bus is a failure to notify the boy of the approaching car and permitting him to alight from the bus without warning him of the car approaching. At the close of the evidence the defendant moved for a directed verdict upon the ground, among others, that the plaintiff was a guest passenger within the meaning of Chapter 147, Laws of 1933, and that there was no showing of gross negligence or wilful and wanton misconduct upon which any liability could be predicated. The trial court denied this motion and submitted the case to the jury which returned a verdict in favor of the plaintiff. The defendant has appealed.

The contract entered into between defendant and the Ipswich Independent School District did not contemplate the transportation of pupils between their residences and the Catholic school. The contract specifically provides that the transportation shall be to and from the "Ipswich Public School * * * at all times that the public schools are in session." We think it clear that under the terms of her contract, the defendant was in no way obligated to transport pupils attending the Catholic school. The direction of the superintendent "to drive to the Catholic school and get the children there" did not alter the terms of this written contract. It appears to us that, so far as the transportation of the pupils from the Catholic school is concerned, this transportation amounted to a mere gratuity on the part of the defendant. The defendant received no benefit of any kind so far as we can determine from transporting this plaintiff. The benefit that was derived from the defendant transporting the pupils of the Catholic school was to those pupils of which plaintiff was one.

The said Chapter 147, Laws of 1933, by its words provides, "that no person transferred by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have cause of action for damages against such owner or operator * * * unless * * *." While it might be that under this statute actual payment in money or other tangible thing is not necessary to exclude one from its terms and render one not a guest, nevertheless, we believe that the statute contemplates some benefit accruing from the transportation to the owner or operator

of the motor vehicle in order to render a passenger in a motor vehicle not a guest. Such benefits as are compatible with hospitality, companionship or good fellowship accruing to the owner or operator are not sufficient to take the passenger out of the guest classification. Perhaps no precise rule can be laid down at this time to govern every situation, but we think it clear that under this state of facts where the transportation of this plaintiff was a mere gratuity, and where the benefit derived from the transportation accrued solely to the plaintiff, plaintiff must be classified as a guest under our statute. There being no evidence of any gross negligence or wilful and wanton misconduct on the part of the defendant, it follows that, in our opinion, the trial court should have sustained the motion of the defendant and directed a verdict.

Plaintiff cites and relies to a large extent upon the case of Smith v. Fall River Joint Union High School, 118 Cal. App. 673, 5 P 2d 930, but in that case the injured pupil was of a class which the defendant was paid to transport. The court in that case said: "If the driver is paid to transport a certain class of passengers, then each member of that class is thereby removed from the category of guest, although actual payment of the fare is not made by the individual passenger. * * * Upon the day of the accident she was riding from Dana to the school. She was thus a temporary resident of Dana. The statute, in our opinion, authorized the transportation of respondent under these circumstances." Thus it will be seen that the situation presented in that case was the same as it would be if one of the pupils of the Ipswich public schools were injured, which presents an entirely different state of facts than that with which we are here concerned.

The judgment and order appealed from are reversed.

ROBERTS, P. J., and POLLEY and WARREN, JJ., concur.
SMITH, J., did not sit.