ENGLEBERT, Respondent v. RYDER, Appellant

(91 N.W.2d 739)

(File No. 9677. Opinion filed August 22, 1958)

**James Clapp** and **John C. Searle,** Rapid City, for Defend-ant and Appellant.

**Julius F. Sieler,** and **William F. Brady,** Rapid City, for Plaintiff and Respondent.

SMITH, J. This is an action for damages for breach of contract. Trial to a jury resulted in a verdict and judgment for plaintiff for $1,500 as prayed in his complaint. There-after a motion for new trial was made and denied. Defend-ant has appealed.

■ In view of the result below, under settled principles, the facts are stated in the light most favorable to plaintiff.

The plaintiff is a plumbing and heating contractor of Rapid City, South Dakota. The defendant is a general construction contractor of Gordon, Nebraska.

At a letting on November 14, 1956, defendant was awarded the contract to construct an addition to the element-ary grade school at Pine Ridge, South Dakota. Plaintiff

had procured a copy of the plans and specifications from the architect and prepared an estimate on the plumbing and heating. On the day of the letting defendant used the telephone to solicit a bid from plaintiff on that phase of the construction. In that conversation plaintiff offered to do the plumbing and heating for $4,700. Defendant informed him that his was the lowest bid he had received. Nothing further transpired between the parties until December 23rd. On that day defendant telephoned and asked plaintiff if he was still interested. Plaintiff made an affirmative answer and defendant asked him to come to Pine Ridge and bring with him a roof drain. Plaintiff drove to Pine Ridge on the 24th of December and took with him the requested drain. Plaintiff's testimony of their conference includes the following: "Yes, Mr. Ryder said that I could go ahead with the job; * * *. Mr. Ryder and I decided it would be best before I started to wait until he got the outside closed in, because it was snowing and a blizzard, and so I told him I would be down as soon as he was ready and had the top on. And he said he would call me. He said, 'O.K., we will go ahead with it, then,' and he asked me for a bond which I told him I would mail down to him. He asked me for a performance bond made out to him for the price of the contract."

In January 1957 plaintiff ordered materials for use in the Pine Ridge construction and waited for the promised call from defendant. Of such material a minor item was taken to the job on January 5th, and a quantity of material was delivered there on January 24th. On Sunday, January 21st, defendant was in Rapid City and called plaintiff about 9:00 a. m. and asked him to come to the Alex Johnson Hotel. Plaintiff said he would be down in about 45 minutes. He did not arrive there until 10:30. He then inquired at the desk and was informed that defendant had checked out. On January 25th plaintiff received a letter from defendant informing him that he had "made other arrangements relative to the plumbing & heating at Pine Ridge." On January 28th defendant telephoned plaintiff to remove his materials from the job. Plaintiff complied with that command on the 29th.

Plaintiff had not furnished a performance bond as promised when he received the above described letter from defendant. He had contacted his insurance agency early in January and received assurance that the bond would be written. He had also sent a form of written subcontract to defendant for execution. Defendant did not execute that instrument. Plaintiff's insurance agent was sworn as a witness and testified that according to insurance practice such performance bonds are written after a construction contract is reduced to writing. On January 24th the insurance agent wrote defendant for a copy of a written plumbing and heating subcontract awarded plaintiff to submit to the bonding company in connection with plaintiff's application for a performance bond. Defendant responded to that letter by telephone and informed plaintiff's insurance agent that when plaintiff failed to meet him at the hotel in Rapid City as promised he had let the subcontract to another plumbing and heating concern.

On the theory that plaintiff had failed to prove a prima facie case defendant moved for a directed verdict at the close of plaintiff's case in chief and renewed his motion at the close of the evidence. The trial court's refusal to direct is assigned as error. Two specifications of insufficiency of the evidence were asserted in defendant's motion, viz., (1) Exhibit (1), the prime contract, and specifications, and the oral testimony establish that plaintiff never completed an offer, and (2) if an offer was made by plaintiff, the evidence fails to establish an acceptance of that offer by defendant.

The prime contract and specifications, which were received in evidence as Exhibit 1, are contained in a booklet of upwards of seventy-five pages. Included therein are provisions denominated "conditions". It is provided therein, before work is awarded to a subcontractor, that he must be approved in writing by the owner, and that he place approved policies of workmen's compensation and public liability insurance in effect before commencing work. The "conditions" make no reference to a subcontractor's performance bond, but defendant asked for such a bond, and plaintiff readily agreed to mail him such a bond.

According to defendant's version of the talk between the parties on December 24th, after mentioning the foregoing requirements, he said to plaintiff "Well, Gene, you get those things done and I guess we are in business."

■ ■ The argument presented here leads us to believe that these are matters upon which defendant intended to predicate his motion for a directed verdict. However he failed to point them out in his motion. Our rules require a party so moving for a direction to so specifically point out the grounds of law or fact upon which he relies as to fairly place his contention before the trial court. SDC 33.1601. Our powers of review cannot be invoked by a motion which fails to measure up to the spirit of this rule. For that reason, the ruling of the trial court is approved.

■ Nevertheless, having made a careful study of the record, we briefly indicate the reasons which persuade us that the motion was not well grounded. The parties agree that an offer to install the plumbing and heating for $4,700 was made by plaintiff and that he told defendant he was still interested on December 23rd. Their conversation on the 24th was in dispute and presented a jury issue. Under familiar principles, the trial court accepted plaintiff's version of that conversation in ruling on this motion, and therefore assumed that defendant unconditionally authorized plaintiff to go ahead with the job. The parties had the plans and specifications in contemplation as they talked. Hence the terms of the offer were certain. That offer was accepted.

■ Thereafter by mutual agreement a new provision was added to their understanding, viz., that a performance bond would be furnished. We discern nothing in the "conditions" of the specifications, or in the oral conversations which rendered either the offer incomplete, or the acceptance conditional. To secure the approval of a subcontractor, in our opinion, was the concern of the defendant and was without legal significance in determining whether he had obligated himself to plaintiff. Plaintiff was warranted in assuming he had been approved. According

to the "conditions" the insurance policies were to be placed in effect "before commencing work", and nothing was said rendering defendant's acceptance conditional upon the furnishing of a performance bond. In performance of his contract, plaintiff was required to forward such a bond. In our opinion, all of the elements of an enforceable. contract were established. SDC 10.0102. Cf. Stites v. Yelverton, 60 N.M. 190, 289 P.2d 628.

 The motion of defendant for a new trial, the denial of which is assigned as error, is infected with the. same fatal vice mentioned in connection with the motion for a direction. It was phrased as follows: "We move the Court for a new trial in this matter on the grounds and for the reason that the evidence is insufficient to justify the verdict and decision and that it is against the law". It neither contained nor was it accompanied by specifications pointing out the particulars wherein the evidence was insufficient, nor did it point out any specific error at law. In addition to the requirement of SDC 33.1601 referred to supra is the provision, as follows, "When a party challenges the sufficiency of the evidence to support a verdict of the jury or decision of the Court, he must specifically point out the particulars wherein such evidence is claimed to be inaccurate, incompetent, or insufficient." Because of this noncompliance with our rules, the motion for new trial was insufficient upon which to present a ruling for review on appeal. Nevertheless, we have reviewed the evidence, and have concluded that it offers ample support for the verdict.

 The court's instructions to the jury included the following: "You are instructed that plaintiff was required to furnish a performance bond and insurance unless he was prevented from doing so by the acts of the defendant, or the defendant by his words and acts waived the requirement that plaintiff furnish performance bond and insurance." At the settlement of the instructions the defendant took no exceptions, but stated, "Let the record show the defendant requests that Instruction No. 5 be amended to read as follows: 'You are instructed that the plaintiff was required to furnish a performance bond and insurance un-

less he was prevented from doing so by the actions of the defendant.'" Thus the defendant not only failed to comply with SDC 33.1317 in requesting an instruction, but he failed to comply with SDC 33.1318 in that he did not "specify and state the particular ground or grounds upon which the giving or rejecting of any instruction is objected or excepted to." Because of these failures, the court did not err in settling its instructions.

Finding no prejudicial error in the record, the judgment and order are affirmed.

All the Judges concur.