A. J. MUELLER, Appellant v. TRUDELL et al.,
Respondents

ROSEANN MUELLER, Appellant v. TRUDELL et al,
Respondents

(106 N.W.2d 374)

(File Nos. 9855, 9856. Opinion filed November 29, 1960)

**Stover, Beardsley & Osheim,** Watertown, for Plaintiffs and Appellants.

**Cherry, Braithwaite & Cadwell,** Sioux Falls, for Defendant and Respondent, Marvin E. Trudell.

**Davenport, Evans, Hurwitz & Smith, Carleton R. Hoy,** Sioux Falls, for Defendant and Respondent, Robert Gednalski.

HANSON, J. Roseann Mueller, a minor, was injured in an automobile collision involving three cars proceeding in the same direction. She commenced an action by A. J. Mueller, her father, and guardian, against defendants Marvin E. Trudell and Robert Gednalski to recover $9,150 damages for personal injuries suffered by her. A. J. Mueller also commenced an action against the same defendants to recover $323.20 for medical care and expenses incurred in the treatment of his daughter. The actions were consolidated for trial and appeal. The jury returned a verdict for Roseann Mueller in the amount of $3,000 and a verdict for A. J. Mueller in the amount of $323.20 against the defendants. Motions for judgment notwithstanding the verdict or in the alternative for a new trial were made by both defendants. After hearing the trial court granted defendant Gednalski's motion for judgment notwithstanding the verdict and also granted defendant Trudell's alternative motion for a new trial. Plaintiffs appeal.

Plaintiffs contend (1) that defendant Trudell's motion for new trial, and the order granting the same, are insufficient; (2) if such motion and order are deemed sufficient, then the evidence of defendant Trudell's negligence is so great the court abused its discretion in granting the motion for new trial; and (3) the trial court erred in granting judgment n. o. v. in favor of defendant Gednalski for the reason that his negligence and whether or not the same was a proximate cause of the accident were proper questions for the jury.

■ ■ Omitting formal parts Trudell's alternative motion is in the following language:

"Comes now the above named Defendant, Marvin E. Trudell, and moves the Court to vacate and set aside the verdicts in each of the above entitled actions of the jury (and any Judgments entered thereon) insofar as such verdicts seek to establish liability on the part of Defendant Trudell unto Plaintiffs, and to enter Judgment against Plaintiffs in each of the said actions and in favor of De-

fendant Trudell upon all of the issues herein for all of the grounds stated in Defendant Trudell's motion for a directed verdict herein, which is a part of the files and records herein and which by this reference is made a part hereof.

"If the above and foregoing motion is denied, then as an alternative motion, Defendant Trudell moves the Court to grant a new trial for the reason that the verdicts of the jury are contrary to the evidence and against the law in that the same shows a clear disregard by the jury of the instructions of the Court or was rendered by said jury under a misapprehension of the instructions of the Court. This motion is based upon all the files and records herein."

Although the two motions are combined in a single application the motions are separately stated and separately grounded. The motion for new trial is not clearly based upon any statutory ground. Its language appears to include grounds for granting a new trial by a court on its own motion. See SDC 33.1609. However, the motion admittedly was not brought under that section which has no application here. Assuming the motion was made under subsection (6) of SDC 33.1605, then it is deficient in not stating "the particulars wherein the evidence is claimed to be insufficient" as required by SDC 33.1606. Englebert v. Ryder, 77 S.D. 333, 91 N.W.2d 739. As the particulars of insufficiency were not stated in the application for new trial the burden. in effect, was cast upon plaintiffs to show the evidence was sufficient to sustain the verdict of the jury. This is not in accord with the spirit and intent of our statutory requirements. It follows that such application was not sufficient to invoke the jurisdiction of the trial court to hear and determine the question of a new trial with respect to defendant Trudell. Hylland v. Lawrenson, 73 S.D. 605, 47 N.W.2d 287.

The order granting a new trial is subject to the same defect. So far as pertinent the order provides that "the Defendant, Marvin E. Trudell is hereby granted a new trial on all

of the issues in this case on the ground that the substantial rights of said Defendant (have) been prejudiced and said new trial (is) granted upon the following grounds:—

"1. Insufficiency of the evidence to justify the verdict and that it is against the law.

"2. That the evidence so preponderates against the verdict of the jury that it shows there has been a plain disregard by the jury of the instructions of the Court and the evidence and that the ends of justice require that there be a new trial of said action."

Statutory grounds for new trial are exclusive and when a trial court grants a new trial it is required to "specify each and every ground upon which it bases such order." SDC 33.1611. In the case of Houck v. Hult, 58 S.D. 181, 235 N.W. 512, 514, it was pointed out that the specification of grounds "shall be actual and detailed as to the particular errors which the trial judge relies upon as justifying the granting of a new trial, and shall not be a mere reiteration of the broad general grounds stated in section 2555, R.C.1919" (now SDC 33.1605). The first ground stated in the order is a mere reiteration of subsection (6) SDC 33.1605. It fails to specify where the evidence is deemed to be insufficient. Museus v. Geyer, 75 S.D. 381, 66 N.W.2d 63. The second ground stated in the order is not a statutory cause for which a new trial can be granted except when made by the trial court on its own motion "only at the time the verdict is returned". SDC 33.1609. Obviously it cannot serve as a predicate for a new trial here.

The remaining question is whether or not the trial court erred in granting defendant Gedmalski's motion for judgment notwithstanding the verdict. For this purpose we state the evidence, as we must review it, in the light most favorable to plaintiffs. "If it appears from the record when so reviewed that there is some substantial credible evidence in support of the verdict then the judgment entered thereon must be reinstated. If it is otherwise the action of the trial court was proper." Hullander v. McIntyre, 78 S.D. —, 104 N.W.2d 40, 41.

The evidence shows that on the evening of November 10, 1957, Preston Olson was driving his car in the town of Estelline, South Dakota. (At the time of trial Olson was apparently in the armed forces. He was not made a party to the action and did not testify as a witness). The plaintiff, Roseann Mueller, then fourteen years of age, was riding as a passenger in the front seat of the Olson car. Laddie Hanson and Sharon Fisher were riding in the rear seat. At the same time Robert Gednalski was driving his automobile. Riding with him as passengers were LeRoy Smith, Robert Kraape, Robert Barge, and Donnie Smith.

In the course of the evening Preston Olson and Gednalski arranged to have a drag race on Highway 28 east of Estelline. The race started at the eastern edge of town and continued for a distance of about one and a half miles. The race was then called off and the two cars stopped because the Gednalski car outran the Olson car and because Roseann Mueller told Preston Olson he would either have to quit racing or she would get out and walk. Thereafter both cars proceeded east on Highway 28 which was tarvia surfaced. It was then dark and both cars had their lights on.

Although disputed by other witnesses plaintiff testified that after the drag race ended the Olson car proceeded east ahead of the Gednalski car. A short time later as Olson was going up a hill Gednalski passed them in a no-passing zone marked by yellow lines on the roadway. Olson was traveling 55 miles per hour and Gednalski was driving 65-70 miles per hour. After Gednalski passed near the crest of the hill he started to turn south in front of Olson. Before he could return to the south lane of traffic, and without signalling an intent to do so, he suddenly swerved left. According to plaintiff all she remembered after that was a black stationary object in front of them.

The black stationary object turned out to be defendant Trudell's automobile which was either standing still near the crest of the hill or proceeding slowly eastward. Its left wheels were north of the highway center line. It was being operated without adequate taillights. Trudell was intoxica-

630

ted. Gednalski avoided colliding with the Trudell vehicle by turning left and passing partially on the north shoulder of the road. Seconds later the Olson car struck the right rear of the Trudell car, resulting in plaintiff's injuries and damages.

The driver of an automobile "should attempt to pass an overtaken car only when he can do so with safety to travelers whom he may meet, as well as to the vehicle he is passing. The nature of his duty necessarily depends on the condition of traffic and other circumstances." Annotation 60 A.L.R.2d 199. When Gednalski attempted to pass the Olson car on the hill he violated the following pertinent provisions of SDC 44.0313, as amended by Chapter 230, Laws of 1953:

"The driver of a vehicle shall not overtake and pass another vehicle proceeding in the same direction upon the crest of a grade or upon a curve in the highway where the driver's view along the highway is obstructed within a distance of five hundred feet

\*        \*        \*        \*        \*        \*

"The driver of any vehicle shall not overtake and pass any other vehicle proceeding in the same direction when traveling in a no passing zone on highways or bridges when either marked by signs or lines on the roadways."

Gednalski recklessly overtook and passed the Olson car on a hill contrary to a clearly marked no passing zone. He could not do so in safety to the car passed, other vehicles which he might meet, and to himself. Fortunately he was able to avoid colliding with the Trudell car himself. This does not mean he was free from actionable fault. Under the circumstances, the jury could reasonably find his manner of driving blocked off, or disrupted, the vision of the driver of the Olson car and such unlawful conduct was a direct and substantial factor causing the collision between the Olson and Trudell vehicles.

■ The primary purpose of "no passing zones" is to prevent head-on collisions between motor vehicles approaching from opposite directions. Another function, however, is to prevent one vehicle from passing another vehicle proceeding in the same direction toward a place of danger such such as the crest of a hill, blind curve, or busy intersection. Such traffic control prevents distractions, interruption of vision, and interference with the overtaken vehicle's right of way by an overtaking vehicle. Walker v. American Bakeries Co., 234 N.C. 440, 67 S.E.2d 459. Consequently as a passenger in the overtaken car, plaintiff was within the class of persons such legislation was intended to protect.

■ Liability for the negligent operation of a motor vehicle is not dependent upon a collision or actual contact between vehicles. As stated in Section 2538, Vol. 4 Blashfield's Cyclopedia of Automobile Law and Practice:

"The negligent driver of a vehicle may be held liable for an accident resulting from his negligence—unless for other reasons such negligence was not a proximate cause of the accident—even though there was no actual contact or collision between his vehicle and that of the injured person. In other words, the mere absence of contact does not prevent an act of negligence from being the proximate cause of an injury."

■ Although defendant Trudell's motion for a new trial is deemed insufficient to invoke the jurisdiction of the Court to determine the question of a new trial, nevertheless, we have reviewed the sufficiency of the evidence with reference to both defendants. We conclude therefrom that the trial court erred in granting judgment notwithstanding the verdict to defendant Gednalski. There is ample evidence to support the verdict against him. We also conclude the trial court abused its discretion in granting a new trial to defendant Trudell. The great preponderance of credible evidence shows he was guilty of negligence in the following particulars: (1) he was either stopped on the highway or he failed to drive a slow moving vehicle as closely as possible to the

right-hand edge or curb of the highway; (2) his vehicle was equipped with inadequate taillights and (3) he was intoxicated. The question of proximate cause was properly submitted to and determined by the jury.

The orders and judgment appealed from are reversed and the causes remanded with directions to enter judgments in favor of plaintiffs on the verdicts rendered.

All the Judges concur.