JENNINGS, Respondent v. HODGES, Appellant

(129 N.W.2d 59)

(File No. 10065. Opinion filed June 18, 1964)

Rehearing denied July 22, 1964.

**Hanley, Costello & Porter,** Rapid City, for Defendant and Appellant.

**William M. Rensch,** Rapid City, for Plaintiff and Respondent.

BIEGELMEIER, P.J. (on reassignment). In her complaint plaintiff alleged she was a passenger in an automobile operated by defendant, that by reason of defendant's negligence and lack of ordinary care defendant drove the automobile so as to collide with another vehicle. The plaintiff received injuries as a result thereof and prayed for the usual damages. It seems to be con-

ceded defendant was negligent and that her negligence was not wilful or wanton. The principal issue on trial was whether the plaintiff was a guest without compensation, and thus her cause of action barred by SDC 44.0362, or a passenger. Defendant made motions for directed verdicts which the trial court overruled. The jury returned a verdict for plaintiff in the amount of $10,500. Defendant's motion for new trial was denied and she appealed.

Plaintiff and defendant are sisters; however, plaintiff had resided in Illinois for many years and had been issued a driver's license by that state which was valid there. She and her husband had visited in South Dakota in the summer of 1961 and thereafter returned late in the summer to seek employment for the husband. They lived in a trailer which the husband purchased, but the employment was interrupted and she went to visit the defendant at her home in Spearfish. Defendant's husband had generally driven their automobile, but since his recent death defendant had made application for and had been issued an instruction permit under the provisions of SDC 1960 Supp. 44.03B04 entitling her to operate a motor vehicle when accompanied by a licensed operator having at least one year of driving experience. It appeared that the parties and defendant's children had been confined to the house or "cooped up" for some time as the children had been ill and defendant felt like getting out with the children and going for a drive, a "needed outing" as defendant testified. There was testimony that the house in which defendant lived belonged to her brother-in-law and that was business between them that the plaintiff didn't know anything about. With that background it appeared defendant desired to make a trip to the home of her brother-in-law, Lewis Hodges who resided in Belle Fourche on U. S. Highway 85 and she asked plaintiff to go with her. As to the decision between the parties with reference to the trip plaintiff testified:

"Q. Tell the jury what was said as you remember it.

A. Well, she asked me to go along and I hesitated and told her I didn't feel like it because it was just a feeling that I shouldn't go. I just had that feeling that I wasn't supposed to go and she kept after me to go. Well, finally, she said, 'I want you to go because you've got the driv-

er's license' and she said, 'I have to have somebody with me.' Well, to please her I went."

On cross-examination, plaintiff testified:

"Well, I didn't want to go, though. The only reason I went was because she asked me to go. * * * That's the only reason I went. I wasn't thinking of her as my sister. I was thinking of her because I knew she had to have somebody with her and I went because I was there."

In driving east on the roadway from the Lewis Hodges house so as to enter U. S. Highway 85 plaintiff stopped her vehicle before entering the highway; she waited while three or more vehicles going in a southerly direction passed by as she intended to turn to the right and go back to Spearfish. She then proceeded to make a right turn, but her turn was too wide and she passed over to the east side of the highway. About that time another automobile proceeding in a northerly direction reached that spot and a collision occurred between them. The plaintiff received the injuries complained of as a result of this collision. The trial court on this issue instructed the jury as follows:

'You are instructed that the South Dakota statute provides: 'No person transported by the operator of a motor vehicle as a guest, without compensation for transportation, shall have a cause of action for damages against such operator for any injury in case of an accident unless such accident shall have been caused by the willful and wanton misconduct of the operator of such motor vehicle, and unless such willful and wanton misconduct contributed to the injury for which the action is brought;'.

" 'Compensation' as used in this statute is not limited to payment in money or other tangible things alone but may include any substantial benefit flowing from the passenger to the owner or operator, which is sufficiently real, tangible and substantial to serve as the inducing cause of the transportation, and to operate to

> completely overshadow any considerations of mere hospitality growing out of friendship or relationship."

This instruction in effect set out the rule consistently followed in opinions of this court. It adhered to the law stated in Cluts v. Peterson, 79 S.D. 462, 113 N.W.2d 273, in these words: "While the statute uses the word 'compensation' this does not mean only payment in money or other tangible thing. We have held that it also contemplates some benefit accruing from the transportation to the owner or operator of the motor vehicle. Schiltz v. Picton, 66 S.D. 301, 282 N.W. 519." Many of these opinions are cited in Cluts v. Peterson and in Peterson v. Snell, —S.D.—, 127 N.W.2d 142, decided this term. Reviewing them will indicate the verity of the statement in Cluts v. Peterson, that '[T]he meaning of the law is pretty well established by our decisions but difficulty is often encountered in its application." In Forsling v. Mickelson, 66 S.D. 366, 283 N.W. 169, recovery as a passenger was permitted by a member of a community band against the driver of the automobile. Defendant was an employee of a dairy with no financial or business interest either in the dairy, carnival, booster trip or the band of which he was a member other than any person employed or living in the community. Indirectly the opinion states defendant and his employer were prospective beneficiaries of the carnival, but the employer was not a defendant and plaintiff paid nothing for his ride and received nothing for making the trip and it is difficult to locate a financial or business interest in this relationship.

Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410, approved recovery as a passenger of a railway employee who was asked in a tavern one evening to fix the lights on defendant's car. It appeared plaintiff had installed a battery in defendant's car some time prior thereto, but it does not appear that was his business. After checking the battery cables plaintiff and defendant who were friends drove from one tavern to another imbibing therein and finally, on a drive out of the city, the accident occurred and plaintiff was injured. It appeared plaintiff was attempting to check the wiring at the time.

Defendant argues the benefit intended must be such as to enhance the commercial interests of the driver, a conclusion

drawn from her reference to Roberts v. Craig, 124 Cal.App.2d 202, 268 P.2d 500, 43 A.L.R.2d 1146 where the trip was to secure her husband's salary check, or if the trip is for pleasure the contract between the parties for the transportation must be a business arrangement. Basis for the latter is said to be the quotation from Duncan v. Hutchinson, 139 Ohio St. 185, 39 N.E.2d 140 quoted in McMahon v. DeKraay, 70 S.D. 180, 16 N.W.2d 308. This contention is further revealed by defendant's requested instruction which the trial court refused, requiring the objective of the transportation to be of a business or commercial nature.

■ ■ While the business purpose of the parties may affect the status of the occupant in some instances, it is not so in all. A person, who by reason of friendship only or as a social companion to the owner or operator, may still be a guest though the owner be on a business trip. It is not necessarily the purpose of the owner which determines the status of the occupant as passenger or guest; it may be the reason or purpose the occupant accompanies the owner.

■ Defendant requested plaintiff to accompany her because the law required the operator to have an experienced licensed driver present. This was the only reason plaintiff went on the trip. It was for the jury to determine if it was the "inducing cause of the transportation" which would overshadow considerations of mere hospitality growing out of friendship or their relationship. Whether the purpose of defendant in making the trip was, in her opinion, of therapeutic value after being cooped up with her sick children or some business with reference to her rented house or for any purpose she felt required the trip, it was her decision and desire to make it and she insisted plaintiff accompany her. The jury found the furnishing of driving qualifications and her presence was benefit and compensation enough to remove plaintiff from the guest statute and was not so overshadowed as above stated; we cannot say that finding is unsupported by the evidence.

While defendant in Roberts v. Craig, supra, made the trip to collect her husband's salary check, the California Supreme

Court cited and relied on Kruzie v. Sanders, 23 Cal.2d 237, 143 P.2d 704, where defendant-owner's purpose was Christmas shopping and defendant asked plaintiff to aid her. Chief Justice Gibson in the Kruzie opinion stated our rule that "[G]uest statutes must be interpreted in accordance with the intention of the Legislature. * * * The statute was not designed to bar recovery where, as here, the driver, rather than the person transported, benefited from the trip. It was not intended to prevent recovery for the negligence of a driver, such as the defendant herein, who requested a favor of plaintiff and furnished the ride merely as a means of obtaining that favor. (citing cases) Many recent decisions in other jurisdictions, construing statutes similar to section 403, have held that a person who accepts a ride solely to perform a gratuitous service for the driver is a passenger giving compensation and not a guest," citing many cases including Forsling v. Mickelson, supra.

 If one of the reasons for the guest statute is to prevent collusion it would appear that the factual record evidence of plaintiff's license is difficult of fabrication and it would be much easier to fabricate testimony of the business purpose of the trip than that involved here. We have not required an express contract, understanding or even a request to render the services in express words if the inferences show the reason the passenger accompanied the operator. Kleinhesselink v. Porterfield, 76 S.D. 577, 83 N.W.2d 191. The passenger status must be real, not artificial, in that it must meet the Scotvold overshadowing of mere hospitality test and not transcend reality. Mitzel v. Hauck, 78 S.D. 543, 105 N.W.2d 378; Cluts v. Peterson, 79 S.D. 462, 113 N.W.2d 273 and Peterson v. Snell, supra. Nor did this court in Mitzel v. Hauck, supra, limit a passenger status to business or commercial enterprises, for the boundary was expressly left open with the statement: "It was not a commercial arrangement or one (another arrangement) that removed him from his status as a guest."

What was written in Peters v. Hoisington, 72 S.D. 542, 549, 37 N.W.2d 410, 414, applies here: "There is evidence that plaintiff made the trip at appellant's request, not for reasons of his own pleasure or good fellowship as counsel contend, but in order

to render a requested service for appellant. The jury was instructed as to whether plaintiff was a guest or passenger. It is not material whether the record would support a finding that plaintiff was a guest. The jury found plaintiff to have been a passenger and there is ample evidence to support such finding." We conclude the jury could find plaintiff to be a passenger.

■ SDC 1960 Supp. 44.03B04 of the South Dakota Drivers License Law permits the holder of an instruction permit to drive a motor vehicle when accompanied by a "licensed operator who has had at least one year of driving experience and who is occupying a seat beside the driver." The evidence showed plaintiff occupied the seat beside the driver, had been driving an automobile about a year prior to the issuance of her driver's permit and held a valid operator's license issued by the state of Illinois in June 1961. It is faintly suggested the year's driver's experience must occur after this license was issued, but the statute does not so require. Such construction would not take into consideration driving under instruction permits or licenses issued by other states, as well as many years of driving in states or areas where no such licenses or permits were required; it would have barred every driver in this or any state during the first year it was in effect.

■ ■ Defendant argues it must be shown that plaintiff had a valid operator's license from which benefit could be derived by defendant. Plaintiff had a valid Illinois operator's license. SDC 1960 Supp. 44.03B04 does not require a South Dakota operator's license. Again, such construction would bar experts holding operator's licenses in other states from giving instruction in this state to the very persons most in need thereof. While some provisions of this law regulate the right of a person to actually drive a motor vehicle in this state and questions of nonresidence and the necessity of obtaining a license or permit under it govern, that phase was not in issue. Defendant cites definitions in SDC 1960 Supp. 44.03A01, the Motor Vehicle Financial Responsibility Law in support of her contention. That section is in a different chapter and expressly states "Terms used in this chapter * * * shall mean: * * *" etc., hence it has no application to SDC 1960 Supp. 44.03B. Not only did the Illinois

license appear valid on its face, but both parties assumed it to be so and acted thereon. Between them its validity should not be a matter to be disputed, and this without regard to its validity in a controversy with plaintiff and the state.

■ ■ As a further ground of error in not directing a verdict for defendant it is urged plaintiff voluntarily assumed the risk of injury and was contributorily negligent as a matter of law. The motion did not mention or point out these grounds and is not subject to review for those reasons, SDC 33.1601 and Englebert v. Ryder, 77 S.D. 333, 91 N.W.2d 739. A licensed operator riding with a person who possesses only an instruction permit does not, as a matter of law, assume the risk of the driver's negligence. Roberts v. Craig, 124 Cal.App.2d 202, 268 P.2d 500, 43 A.L.R.2d 1146. If it were the law, no one would ride with, or attempt instruction to, such a permittee.

■ ■ Defendant claims error in the refusal of the trial court to give defendant's proposed instruction on the contributory negligence and assumption of risk defenses. As to the claimed negligence, defendant argues plaintiff did not maintain a proper lookout preparatory to entering the highway. The record shows defendant stopped four or five feet from the blacktop before entering the highway, that she planned to turn to her right and go south in her west lane of travel; she saw three cars coming from the north in that lane and waited for them to go by, that she then pulled onto the highway and was struck by a car going north in the east lane. In making the turn she had driven over the center line; she heard plaintiff scream just before the impact. It appears defendant stopped, looked and waited for cars until her lane was clear so there was no negligence in that respect by either plaintiff or defendant. Plaintiff could not anticipate that defendant would make an improper turn and leave the safety of her own clear lane until it was too late to say or do anything, nor does defendant suggest anything beyond the lack of lookout. Negligence and contributory negligence are ordinarily for the jury and such instructions are usually given; however, where the facts do not show contributory negligence it is not error to refuse to instruct thereon. Bogh v. Beadles, 79 S.D. 23, 107 N.W.2d 342. As to assumption of risk the court gave a general

instruction on the subject and there was no error in refusing to give defendant's requested instruction under the evidence.

 In the closing argument plaintiff's counsel orally suggested figures of from $5 to $10 a week as a basis to plaintiff of her loss of earning power. Defendant moved for a mistrial which the court denied and asserts error in this ruling, citing King v. Railway Express Agency, (N.D. 1961) 107 N.W.2d 509. The North Dakota court held it error to use large white sheets of paper, not in evidence, with figures and calculations showing plaintiff's damages for pain and suffering per diem and per week. That court, however, held the sheet showing hospital, doctor expenses and loss of wages could properly be used since they had been testified to and there was specific evidence as to these items; so oral argument on loss of wages on the basis of time was proper as there was testimony as to her weekly earnings. See Allen v. Martley, 77 S.D. 133, 87 N.W.2d 355. When objection was made to this argument, the court stated the figure suggested was not binding on the jury, but that it was not improper and the damages must be reasonable.

Error is asserted as to admission of evidence and excessiveness of verdict. The trial court denied a new trial on the latter ground and we agree they do not require the judgment be reversed. The judgment is therefore affirmed.

HANSON and HOMEYER, JJ., concur.

ROBERTS and RENTTO, JJ., dissent.

ROBERTS, J. (dissenting) The common-law rule is that a guest has a right of action against the owner or driver of a motor vehicle for injury sustained as a result of ordinary negligence. Barger v. Chelpon, 60 S.D. 66, 243 N.W. 97. The fact that there is a family relationship between the owner or operator of a motor vehicle and the guest does not deprive the latter of the benefits of the common-law rule. Holdhusen v. Schaible, 60 S.D. 275, 244 N.W. 392; Hall v. Hall, 63 S.D. 343, 258 N.W. 491. This state enacted a statute (now SDC 44.0362) in 1933 precluding recovery for ordinary negligence where the occupant of a motor vehicle is a "guest without compensation" for the transportation. Such a guest does not have a cause of action for damages against an

owner or operator for injury in case of accident "unless such accident shall have been caused by the willful and wanton misconduct of the owner or operator." The primary purpose of enacting the statute, we observed in a recent case, Schlim v. Gau, 80 S.D. 403, 125 N.W.2d 174, "was to do away with, or at least minimize, collusive litigation." We quoted with approval from the opinion in Naudzius v. Lahr, 253 Mich. 216, 234 N.W. 581, 74 A.L.R. 1189: "In many, probably most, of the cases between relatives or friends the real defendant is an insurance company. Ordinary negligence is not hard to prove if guest and host co-operate to that end. It is conceivable that such actions are not always unattended by collusion, perjury, and consequent fraud upon the court. While we may accept the contention that paid insurers are not objects of special consideration by the Legislature, it is inadmissible for the court to consider a law from the viewpoint that they are not entitled to a proper trial and honest determination of liability in a lawsuit. Nor are insurance companies alone interested in the question. The results of verdicts are mirrored in insurance rates, and the law provides a possible reason in the purse of the motor owning public, most of whom carry liability insurance."

The rule followed in most jurisdictions is that a guest statute being in derrogation of the common law must be strictly construed against the host and liberally construed in favor of the guest. 60 C.J.S. Motor Vehicles § 399(3), p. 996. That is not the rule in this state. In conformity to the provisions of SDC 65.0202(1), it is the function of the courts of this state to construe the provisions of the guest statute and proceedings thereunder liberally with the view of effectuating the legislative purpose. Scotvold v. Scotvold, 68 S.D. 53, 298 N.W. 266.

The question who is a guest within the contemplation of the statute has been before this court in a number of cases. The mere fact that an injured occupant may have conferred some benefit on the driver does not exclude him from being a guest. In Schiltz v. Picton, 66 S.D. 301, 282 N.W. 519, this court said: "Such benefits as are compatible with hospitality, companionship or good fellowship accruing to the owner or operator are not sufficient to take the passenger out of the guest classification."

In Scotvold v. Scotvold, supra, we said: "* * * we entertain the view that no basis exists for differentiating such a guest from the true guest the Legislature had in mind unless the benefit he is to bestow on the owner or operator is sufficiently real, tangible and substantial to serve as the inducing cause of the transportation, and to operate to completely overshadow any considerations of mere hospitality growing out of friendship or relationship." The reasoning of the Schiltz and Scotvold cases has been consistently recognized and followed in subsequent cases. Gunderson v. Sopiwnik, 75 S.D. 402, 66 N.W.2d 510; Tennyson v. Kern, 76 S.D. 136, 74 N.W.2d 316; Mitzel v. Hauck, 78 S.D. 543, 105 N.W.2d 378; Cluts v. Peterson, 79 S.D. 462, 113 N.W.2d 273; Schlim v. Gau, supra.

We have recognized that if the transportation of a person is not of a social nature, but tends to promote the business or commercial interests of the parties, the occupant is not a guest within the meaning of the statute. What is such a benefit is indicated by the following cases: Forsling v. Mickelson, 66 S.D. 366, 283 N.W. 169 (where plaintiff volunteered his services as a musician on a booster trip); Peters v. Hoisington, 72 S.D. 542, 37 N.W.2d 410 (where plaintiff rode along at request of driver to check wiring); Antonen v. Swanson, 74 S.D. 1, 48 N.W.2d 161, 28 A.L.R.2d 1 (where driver asked rider to accompany and assist him on truck route); Kleinhesselink v. Porterfield, 76 S.D. 577, 83 N.W.2d 191 (where rider accompanied father primarily for business purpose). The situations in the two cases principally relied on by plaintiff are readily distinguishable from that presented in the instant case. In Kruzie v. Sanders, 23 Cal.2d 237, 143 P.2d 704, the sole purpose of the plaintiff in riding with the defendant was to help defendant select Christmas gifts. In Roberts v. Craig, 124 Cal.App.2d 202, 268 P.2d 500, 43 A.L.R.2d 1146, it appeared from the evidence that defendant driver who had only a limited instruction permit asked plaintiff to accompany her on a trip in order that she could comply with a statutory requirement of supervision by a licensed operator. The court there said: "* * * the jury, based on respondent's evidence, was justified in finding that the primary purpose of the trip was the business of the driver and that compensation was given by the rider. Appellant wanted to make the trip to Martinez to secure her husband's salary

checks. Respondent had no business to transact in Martinez and had no reason, business or social, to go there. She was asked by appellant to go as an accommodation because the law prohibited appellant from driving without a licensed driver in the car. Thus, the implied finding that the primary purpose of the trip was the business of appellant is supported."

If a trip is primarily for social as distinguished from a business purpose, incidental benefits including the sharing of expenses of the trip do not exclude the guest relationship. Tennyson v. Kern, supra. If the owner or operator, of course, insists upon a prearrangement by which the person riding with him is obligated to share the expense of the trip, the agreement thus made precludes the relationship of host and guest notwithstanding the social aspects of the trip. McMahon v. DeKraay, 70 S.D. 180, 16 N.W.2d 308. The status thus created is not imposed by law, but is one voluntarily assumed. As the court said in Hasbrook v. Wingate, 152 Ohio St. 50, 87 N.E.2d 87, 10 A.L.R.2d 1342: "Although a contract or arrangement for transportation of a passenger may be express or implied, no implied contract or obligation having the effect of increasing the liability of the motorist by reason of a 'passenger' status may come into operation by reason of the mere payment of a small sum unless such payment is made under such facts and circumstances as would raise an inference of the acquiescence of the motorist in the assumption of such increased liability. In other words, to create the status of 'passenger' when there is no express agreement for transportation with payment therefor, the surrounding circumstances must be such as to indicate to the motorist, as a reasonable person, that one enjoying transportation at his hands is riding as his 'passenger' rather than as his 'guest.' "

In Sabo v. Marn, 103 Ohio App. 113, 144 N.E.2d 248, a question similar to the one before us was presented. Defendant who had a limited driver's license requested plaintiff to accompany him because the law prohibited defendant from driving without a licensed driver in the car. They picked up three friends and went to a restaurant for coffee. Plaintiff brought the action to recover damages for injuries sustained in an accident occurring on the return trip. Following the holding in the Hasbrook v. Win-

gate case, supra, the court concluded that plaintiff was a guest. It said: "There was no express contract between these young men. They were in no sense joint adventurers having a mutual business interest in this trip. In fact, it was not a business trip at all but a social excursion, the purpose of which was to have a ride and get a cup of coffee at Jimmy's Truck Stop."

The court in Smith v. Tatum, 199 Va. 85, 97 S.E.2d 820, had before it a statute similar to our statute. The action was for the death of one who was giving defendant a driving lesson when the accident resulting in his death occurred. With respect to the question of whether decedent was a guest the court said: "In the present case decedent volunteered to go with the defendant to give her a driving lesson. There was no mutual or reciprocal benefit to him in being transported by the defendant. Neither of them expected or intended that any business or contractual relationship would be thereby created, but the service being rendered to the defendant was considered by both as a gratuitous and friendly act, prompted only by family relationship and interest."

Plaintiff in my opinion was a guest of the defendant at the time of the accident involved and to hold otherwise is contrary to the purpose and intent of the guest statute and the decisions of this court construing its force and effect. Here, for the first time in this court the rule is stated to be that one who accepts a ride solely to perform a gratuitous service for the driver is a passenger and not a guest. The rule is stated too broadly and not in accord with our holdings. Cf. Tarbet v. Green, Or., 388 P.2d 468. It appears from what has been stated and cases cited that a benefit must not only be substantial, but must have some significance beyond social hospitality or the usual social amenities which are expected between the parties. Even though a defendant is benefited the plaintiff is ordinarily a guest where the relationship is primarily social in nature. Any bona fide prearrangement for compensation or sharing of expenses, of course, will as above indicated take an occupant out of the guest category notwithstanding the social aspects of the trip. The instant case is distinctly unlike Peters v. Hoisington, supra, where the facts were in dispute concerning the purpose of the transportation and the

evidence justified a finding that the relationship was not primarily of a social nature. Plaintiff in that case who had recently installed the battery in the car driven by the defendant was asked to ride and check the lights. The record herein supports only the conclusion that the trip was taken for pleasure and had no connection with a business transaction. It is apparent that the gratuitous service rendered to defendant was part of the social amenities normally incident to the relationship between the parties and was not so incompatible with considerations of hospitality as to indicate to a driver, as a reasonable person, that the invited occupant was a passenger and not a guest. This is clearly a type of case to which the guest statute construed with a view of effectuating its objects applies. In other words, where the injured party was a guest, the protection afforded by the legislature to the driver cannot be removed by a judicial determination from the evidence that there was no collusion or possibility of fabrication of testimony.

The facts concerning the status of the plaintiff were not in substantial dispute. When the evidence is undisputed, or such that minds of men could not reasonably arrive at any other conclusion, the question is one for decision by the court as a matter of law. The court's function of declaring the applicability of the guest statute was here in effect turned over to the jury.

RENTTO, J., concurs in dissent.