Merrimack, }
June 26, 1915. }

### EUGENE J. MURPHY *v.* BOSTON & MAINE RAILROAD.

The statute which provides that in all actions of tort for personal injuries the burden of proving contributory negligence on the part of the plaintiff shall be upon the defendant (Laws 1915, *c.* 148) does not apply to suits pending at the time of the enactment.

CASE, for personal injuries received April 24, 1913. The writ was dated August 12, 1913. Trial by jury on April 27, 1915, and verdict for the plaintiff. Transferred from the April term, 1915 of the superior court by *Chamberlin,* J.

There was evidence upon which reasonable men could differ as to the issue of the plaintiff's contributory negligence. The court charged the jury that the burden of proving contributory negligence was upon the defendants, in accordance with an act of the legislature approved April 21, 1915 (Laws 1915, *c.* 148), and the defendants excepted.

*Hollis & Murchie* (*Alexander Murchie* orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* (*Mr. Demond* orally), for the defendants.

WALKER, J.   After the date of the plaintiff's writ and before the trial, the legislature passed an act providing that "Hereafter, in all actions of tort for personal injury, contributory negligence on the part of the plaintiff shall be a good defence to the action, and the burden of proving the same shall be upon the defendant." Laws 1915, *c.* 148, *s.* 1.   The question raised by the exception is whether the act applies to actions pending at the time of its enactment. Heretofore, it has been incumbent on a plaintiff in a personal injury case to prove due care on his part, or freedom from contributory negligence, by a preponderance of the evidence.   It was a burden cast upon him by the common law as administered in this jurisdiction. *Wright* v. *Railroad*, 74 N. H. 128.   To change this procedure, and to place the burden of proving the plaintiff's negligence or his want of due care upon the defendant, was the evident purpose of the recent statute.   It made an important change in the law governing the trial of such actions.

But was it also the intention of the legislature to make the statute applicable to actions pending when it took effect?   Was it to have a retroactive effect to such an extent that it changed, in a material respect, the theory of a pending trial at the moment of its passage? If it was intended to apply to actions that had then been brought, it would seem to follow that it would govern the course of procedure in actions then on trial.   In the absence of any language expressly indicating such a purpose, and in view of the universally recognized principle that legislation is presumed to be prospective, and not retrospective, in its operation, it is difficult to understand how such a result could be reached.   Statutes, whether they relate to rights or to methods of procedure, are presumptively intended to operate upon future situations as they may arise.

In *Dickinson* v. *Lovell*, 36 N. H. 364, it is said: "In cases where the legislature have unquestionable power under the constitution to take away or substantially modify the remedy in a pending suit, it is generally impolitic and unjust to exercise the power.   When the plaintiff commences his action, he relies and has reason to rely on the remedy which the existing law gives him in the form of action which he has chosen; and it is an established maxim in the construction of statutes that the lawgiver will not be presumed to intend that a law should in any way affect the remedy in a pending suit, unless the intention is very clearly expressed."   The same reasoning is equally applicable to a defendant with reference to the rules of procedure by which he seeks to establish his defence.   "The general

presumption is that the operation of a statute concerning either rights or remedies is intended to be prospective only." *Nichols* v. *Cass*, 65 N. H. 212, 214. "This doctrine for the interpretation of statutes is applied without regard to the constitutional authority of the legislature to give them a retroactive effect." *Leavitt* v. *Lovering*, 64 N. H. 607, 608.

Other New Hampshire cases in which statutes modifying existing remedies have been held not to apply to pending actions, though the language used was broad enough to have that effect, are: *Colony* v. *Dublin*, 32 N. H. 432; *Boston & Maine R. R.* v. *Cilley*, 44 N. H. 578; *Atherton* v. *McQuesten*, 46 N. H. 205; *Wentworth* v. *Farmington*, 48 N. H. 207; *Morrison* v. *Annis*, 48 N. H. 286; *Rowell* v. *Railroad*, 59 N. H. 35; *Paine* v. *Railway*, 59 N. H. 215; *Cheshire County Tel. Co.* v. *State*, 63 N. H. 167; *Stilphen* v. *Stilphen*, 65 N. H. 126. In *Rich* v. *Flanders*, 39 N. H. 304, while a majority of the court found that the statute then under consideration was intended to be applied to pending suits, the rule that such an intention must be "very clearly expressed" (*p.* 311) was affirmed; but the evidence considered in that case upon the question of intention was quite different from the evidence in this case, so that *Rich* v. *Flanders* cannot be considered as conflicting with the views herein expressed. In fact, it supports them and is in accord with the other cases cited. It is therefore unnecessary to seek for illustrative cases in other jurisdictions, which may or may not support the well established New Hampshire doctrine.

This principle of statutory construction, applied in numerous cases and recognized in many others, was within the knowledge of the legislature of 1915 when the statute in question was passed. *Kennett's Petition*, 24 N. H. 139, 141. And the irresistible inference is, that if the legislature had intended that the statute should apply to pending actions, language would have been used leaving no room for reasonable doubt upon that subject. Nor is it probable that the lawmakers were ignorant of the statute (P. S., *c.* 2, *s.* 35) which provides that "the repeal of an act shall in no case affect . . . any suit or proceeding had or commenced in any civil case, before the time when the repeal shall take effect." This is a legislative rule of construction in view of which the statute was passed; and while there was no repeal of a statute, there was a repeal of a long established rule of the common law having the force of a statute; and it is not reasonable by mere inference to assume that the legislature disregarded this statutory mandate in the enactment of the

statute of 1915, and introduced a new rule for the ascertainment o its intention.

Moreover, the language of the statute does not require the construction contended for by the plaintiff. The first word in the section, "Hereafter," while probably unnecessary, may indicate a purpose to restrict its operation to actions thereafter brought, in contradistinction to actions then pending. But if it could also be reasonably claimed that the language refers to future trials of actions for personal injuries, the result would be that the statute is ambiguous in this respect, and consequently that it does not clearly appear that it was intended to govern the trial of pending actions. Either view is fatal to the plaintiff's contention. Whether the statute was intended to apply to existing causes of action is not decided.

As all the competent evidence of the legislative intention shows beyond any reasonable doubt that the statute is not applicable to pending actions, it becomes unnecessary to consider the constitutional objection that it in effect interferes with vested rights. The ruling of the court was erroneous.

*Exception sustained: verdict set aside.*

All concurred.