Carroll,
No. 5247.

ESSFA E. WALKER

*v.*

HOWARD C. WALKER.

Argued January 5, 1965.
Decided May 24, 1965.

284

*James J. Kalled* (by brief and orally), for the plaintiff.

*Hinkley & Donovan* (*Mr. Walter D. Hinkley* orally), for the defendant.

BLANDIN, J.   Defendant's counsel attacks first the ruling of the Trial Court which permitted two officers who investigated the accident to testify that they did not believe the defendant when he told them at the scene shortly after the occurrence that his wife was driving the car.   In this jurisdiction the test usually applied to determine the admissibility of opinion evidence is . . . to inquire . . . "whether the witness' knowledge of the matter in question will probably aid the triers in their search for the truth." *Paquette* v. *Company*, 79 N. H. 288, 290.  This principle has been reaffirmed many times, both before (*Hardy* v. *Merrill*, 56 N. H. 227; *Davis* v. *Railroad*, 75 N. H. 467) and since the *Paquette* decision.   *Higgins* v. *Carroll*, 86 N. H. 312; *Goldstein* v. *Corporation*, 86 N. H. 402;  *Carbone* v. *Railroad*, 89 N. H. 12, 20;  *Dowling* v. *Shattuck*, 91 N. H. 234, 236. Following the *Dowling* opinion, a long unbroken line of recent decisions, all of which it seems unnecessary to cite, have conclusively demonstrated that there has been no narrowing of the rule but if anything a more liberal interpretation of it.  *Zellers* v. *Chase*, 105 N. H. 266, 269. It appears that Wigmore approves the law as established here. 7 Wigmore, Evidence (3d *ed*). *ss*. 1918, 1924, 1926; see also, American Law Institute, Proposed Model Code of Evidence, Rule 401. In implementing the principle, the preliminary question of whether the witness' opinion

would probably aid the jury in their attempt to find the truth indubitably rests within the sound discretion of the Trial Judge. *Dowling* v. *Shattuck, supra*; *Zellers* v. *Chase, supra*.

The application of the above rule requires a discussion of the relevant facts disclosed by the record. It seems that the two officers who investigated the accident came on the scene shortly after it occurred. They observed the situation and talked with the defendant. They were men trained to investigate such matters and to draw inferences from the physical facts relating to the position of the vehicle, or vehicles, involved, the marks on the ground and similar relevant objects. In addition to this the tone of voice, the looks, the gestures and innumerable other and more subtle factors observed by the officers bore on whether the defendant was telling the truth at that time. In *Hardy* v. *Merrill*, 56 N. H. 227, the court says as to certain mental and physical conditions: " . . . it is impossible to convey to the mind of another any adequate conception of the truth by a recital of visible and tangible appearances, — because you cannot, from the nature of the case, describe emotions, sentiments, and affections, which are really too plain to admit of concealment, but, at the same time, incapable of description . . . . " *Id.*, 242.

Although these sensible observations were made some ninety years ago, we think that the nature of man as expressed by his ability to receive and convey certain impressions has undergone no significant changes since then. This is recognized by Wigmore, who cites the *Hardy* case approvingly and quotes at length from it. 7 Wigmore, Evidence (3d *ed.*)) *s.* 1918, *p.* 13. Appellate courts apply an analogous rule in uniformly holding that the question of credibility is for the triers of fact who saw and heard the witnesses, rather than for the appellate court, which has only the record upon which to form its opinion. In the situation before us, we believe that the Trial Court's conclusion that the opinion of these witnesses would aid the jury in resolving the decisive issue as to who was the operator of the car is clearly sustainable.

A further objection to the evidence is that it was prejudical. However, the witnesses had already given their opinions that the defendant, and not his wife, was the operator of the car. These were their convictions, formed at a moment when the scene was before them and all their impressions of the circumstances and the defendant's attitude and manner were vivid and

fresh in their minds. In saying that they did not believe him, these witnesses in substance were merely reaffirming their previously expressed opinions that he, rather than his wife, was the operator. The Trial Justice who presided and observed the entire course of the proceedings denied the defendant's motion for a mistrial, based upon the ground that the testimony was prejudicial. His conclusion is entitled to great weight. *McLaughlin* v. *Union-Leader,* 99 N. H. 492, 499. Undoubtedly such inquiries as were here permitted should not ordinarily be encouraged. However, viewing the present situation in its entirety, we cannot say as a matter of law that the Presiding Justice's finding that the trial was not rendered unfair, was so clearly erroneous as to require a new trial. The defendant's exception to the Trial Court's conclusion is therefore overruled.

The defendant's exception to the denial of his motions for a nonsuit and directed verdict on the grounds that it conclusively appeared that the plaintiff was driving do not require extended consideration. The plaintiff herself, a young man in a car which they passed shortly before the accident, and other testimony which will be hereinafter discussed, combine to make a jury issue. As we have repeatedly held in such situations, the conflicts were for the triers of fact to resolve. *Giguere* v. *Railroad,* 86 N. H. 294, 298; *Gorman* v. *New Eng. Tel. & Tel. Co.,* 103 N. H. 337, 344. The fact that the plaintiff had said prior to the trial that she was the operator is not decisive. It is still for the jury to determine the truth. *Lampesis* v. *Comolli,* 101 N. H. 279, 284. It is only in rare instances that testimony is incredible as a matter of law. *Lampesis* v. *Comolli, supra,* 283; *Romano* v. *Company,* 95 N. H. 404, 407. This is not such a case, and the defendant's exceptions to the denial of his motions for a nonsuit and directed verdict are overruled.

The claim of the defendant that if he were driving the plaintiff must be found contributorily negligent as a matter of law, also cannot be sustained. It is true that a passenger may be charged with contributory negligence as a matter of law. See *Chalmers* v. *Harris Motors,* 104 N. H. 111. However, the facts here furnish no sufficient basis for such a determination. There was evidence that the plaintiff did protest the defendant's speeding, and when she had done so on occasions prior to the accident, he had slowed down. Although they both had been drinking, the testimony was that he was not under the influence.

They had been quarreling about family matters, but when he stopped and offered to let her take the wheel, she said that she did not do so because he had become so angry that "I feared that he would strike me."

The burden was on the defendant to convince the jury that Mrs. Walker was contributorily negligent. *Chalmers* v. *Harris Motors, supra*, 114. Construing the evidence most favorably to the plaintiff as we are bound to do, we cannot say as a matter of law that all reasonable persons must have found that she did not exercise any care for her own safety. *Manseau* v. *Railroad*, 96 N. H. 7, 11. Accordingly, the defendant's exception on this score is overruled.

The issue has also been raised that the opinions expressed by the police officers that the defendant was driving were improper. It appears that these were men of long experience in investigating automobile accidents. They were on the scene shortly after the occurrence. It could be found that they carefully observed the relevant facts, including, among others, the position of the car, the plaintiff's position on the passenger's side, the fact that the defendant had extricated himself from the wreck, the damage to the automobile, and the injuries to the parties. In these circumstances, we cannot say that the opinion of these men, trained by long experience to investigate just such situations, could not aid the jury in its search for truth. *Zellers* v. *Chase*, 105 N. H. 266. The defendant's exception to this evidence therefore cannot prevail.

An orthopedic physician, who treated the plaintiff commencing about a week after her injury, was also permitted over the defendant's exception to testify that her injuries were "consistent" with her having been a passenger. This witness was possessed of some fifteen years' experience and had treated many persons injured in automobile accidents. He was also familiar with the interior of a Thunderbird, which was the type of automobile here involved. It is true that counsel's hypothetical question asked the doctor to assume that Mrs. Walker was a passenger. Since there was evidence in the case to this effect, this was proper. *Fitzpatrick* v. *Company*, 101 N. H. 35, 42. That the doctor did not support his opinion by minute details goes to the weight and not the admissibility of the evidence. *Welch* v. *Hood* & *Sons*, 104 N. H. 207, 209. Counsel for the defendant could have pressed for more specifics had he desired to do so. In fact, the record discloses that he did commence such an

interrogation but desisted when the answers appeared unfavorable. We hold that there was no abuse of discretion in the admission of this testimony, and the defendant's exception is overruled. *Dowling* v. *Shattuck*, 91 N. H. 234.

The Court admitted evidence of the plaintiff's life expectancy, and the defendant raises the issue that this was improper on the grounds that the plaintiff had been in poor health for many years prior to the accident. However there was evidence that she had sustained permanent injuries. Unquestionably her previous ailments were matters for the jury to consider, as the Court properly charged. *Russell* v. *Stores*, 96 N. H. 471, 475. We believe the submission of these life expectancy tables was unexceptionable. *Russell* v. *Stores, supra; Watkins* v. *Holmes*, 93 N. H. 53, 58; 6 Wigmore, Evidence (3d *ed.*) s. 1698.

As to the medical evidence relative to the cost of a future operation, the plaintiff already having submitted to two operations, the Court charged the jury that they were to consider this as an element of damage only if they believed it "probable that the ordinary person of average prudence would have this third operation." There was medical evidence that if she did not have it, she faced the likelihood of future paralysis or worse. The charge permitting the jury to consider this evidence only if they found it probable that she would reasonably submit to a third operation, stated the law correctly (*Emerson* v. *Company*, 87 N. H. 108, 112; *Hanlon* v. *Pomeroy*, 102 N. H. 407, 408), and no exception lies.

The defendant's exceptions to the plaintiff's argument do not appear to raise any substantial questions, as none of the statements go beyond the limits of legitimate advocacy. The plaintiff's comment on the absence of a certain witness available to both parties also was not improper. Our well-established rule is that either party may argue the absence of such. *Musial* v. *McGuire*, 96 N. H. 281.

The defendant excepted to the failure of the Court to charge the jury as follows: "The decision as to who was driving the car is up to you. You are not bound by the opinions expressed by any witness on that issue, and you will exercise your own independent judgment in deciding who was driving." Counsel complains that the charge which was given was too general and might have led the jury to believe that the Court was referring to medical testimony only in his discussion of opinion evidence,

since the doctors could "hardly be characterized as 'experts' on the subject of who was driving." We do not believe this argument is sound. The Court in his charge, after telling the jury that they had the benefit of opinions which were called "opinion evidence," instructed them as follows: "Consider the various opinions offered by the persons making them, but in making your findings you are to consider the evidence of the persons making these findings as opinion evidence, and in the final analysis you are the ones to make these findings. You may accept or reject the expert testimony in conformity with what you find to be the truth. This opinion evidence should be used by you to the extent to which you find it to be of assistance. Bear in mind that an opinion is just an opinion." An examination of the entire record convinces us that in all the circumstances there was no reasonable probability that the jury misunderstood these instructions. Further elaboration by the Court might have confused rather than enlightened them. It follows the defendant takes nothing by this exception. *Paradis v. Greenberg,* 97 N. H. 173.

The question of the admission of the records of the Laconia and Mary Hitchcock Hospitals at Laconia and Hanover respectively, is raised by the defendant. With reference to these records, the pretrial order contained the following agreement between counsel: "Hospital records may be used insofar as competent without calling the custodian." To all those familiar with trial work in this state, it has long been known that scarcely any subject has caused so much delay and confusion or so many problems, both for counsel and for the physicians and administrative assistants who staff the hospitals, as has this. The same difficulty, although perhaps not to quite so crucial a degree, formerly existed as to business and other records. It was to remedy this evil that RSA ch. 521 was passed. *Corey Steeplejacks Co. v. Cray,* 106 N. H. 126. The applicable portion of the statute (section 2) reads as follows: "A record of an act, condition or event, shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

The unmistakable purpose of this legislation, as relevant here,

was to strike a sensible balance between the conflicting interests of the medical profession in carrying on work vital to the health and, on occasion, even to the lives of their patients, and the discovery of truth in litigation. That this law was intended to liberalize and not restrict the introduction of such records as were introduced here is established. *Corey Steeplejacks Co.* v. *Cray, supra.* Its purpose was to "bring the realities of business and professional practice into the courtroom" and it "should not be interpreted narrowly to destroy its obvious usefulness." *Transport Indemnity Co.* v. *Seib,* (Neb.) 132 N. W. 2d 871, 875. See *Shinabarger* v. *Phillips,* 370 Mich. 135; *Erickson* v. *Commercial Casualty Ins. Co.,* 265 N. Y. App. Div. 327. We believe that the admissibility of the Laconia hospital records, one page only of which was introduced and to the authenticity of which the custodian testified, presents no substantial question, and the defendant's exception thereto is overruled.

Mary Hitchcock Hospital records were submitted through Dr. Stuart W. Russell, a physician who attended Mrs. Walker, twice operated upon her and was a member of the staff at the hospital. He worked as one of a "team" with another doctor in treating her. The parties had dispensed with the necessity of calling the custodian of these records by their pretrial agreement. Their relevance was apparent, and the doctor testified at length in confirmation of their contents. In all the circumstances, we hold that the Presiding Justice committed no error in admitting them over the blanket objection of the defendant. *Transport Indemnity Co.* v. *Seib, supra; Shinabarger* v. *Phillips, supra.*

The order is

*Judgment on the verdict.*

All concurred.