Grafton,
No. 5378.

RICHARD G. CURRIER

*v.*

GROSSMAN'S OF NEW HAMPSHIRE, INC.

Argued January 4, 1966.
Decided April 29, 1966.

*Batchelder & Murphy* ( *Mr. William F. Batchelder* orally ), for the plaintiff.

*Cotton, Tesreau, Stebbins & Johnson* and *David Bradley* ( *Mr. Bradley* orally ), for the defendant.

BLANDIN, J. The accident happened on a clear morning on August 3, 1959, in Campton, New Hampshire. The defendant's truck, traveling northerly, was slowing down preparing to make a left turn when the plaintiff, in his Volkswagen truck, coming up behind the defendant, attempted to pass. After the plaintiff pulled out to do so, he saw cars coming in the opposite direction, and in order to avoid a head-on collision, he swung back to his right colliding with the defendant's truck. The plaintiff claimed that he could not see the cars approaching from the north until he started to pass and that he relied upon a hand signal given by the defendant's driver, who is admitted to be the defendant's agent, that the way ahead was clear. The defendant's operator, denying this, claimed that he gave no hand signals, but that his directional light was on, indicating that he was about to make a left turn. The plaintiff, in turning to his left, could be found to have crossed over an unbroken yellow line. In regard to this, RSA 263:32 provides: "When the single center line highway marking method is used, no operator of a motor vehicle shall, while proceeding along a highway, drive any part of such vehicle to the left of nor across an unbroken painted line marked on the highway . . . except as otherwise hereinafter provided; . . . ( 3 ) in case such operator has an unobstructed view and can see the end of the said unbroken painted line."

The plaintiff excepts because the Court did not charge the jury that if the violation of section 32 was induced by the defendant's hand signal, upon which the plaintiff reasonably relied, then the plaintiff would not be barred from recovery. On this phase of the case, the Court charged that "if you find there was a violation

of the statute and it was causal, then it could be a basis for a finding of contributory negligence . . . And, of course, if you find that a passing signal was given and the ordinary person of average prudence would have relied on it and acted in accordance with what the plaintiff did, then it would not be a basis for a finding of contributory negligence. "

We believe that the Court stated the law accurately and that, in the light of the entire course of the trial, it is reasonably certain that the jury understood it. This is sufficient. *Davis* v. *State*, 94 N. H. 321, 323. It was not necessary that the requests be given verbatim ( *Lynch* v. *Sprague*, 95 N. H. 485, 490 ), or that a principle once correctly expressed be restated in different phraseology. *Sigel* v. *Boston & Maine R. R.*, 107 N. H. 8. Such procedures often serve to confuse rather than to clarify the law to the jury.

The plaintiff's exception to the Court's charge, on the grounds that it did not cover the effect of the alleged passing signal with reference to any violation of RSA 263:32, is therefore overruled.

Another contention advanced by the plaintiff is that the admission of the investigating officer's opinion of the cause of the accident, given by his oral testimony at the trial was error. The qualifications of the witness, who had been a member of the State Police force for some twenty-five years prior to the accident, and who in line of duty had investigated many such occurrences, is not open to serious question. *Walker* v. *Walker*, 106 N. H. 282. The plaintiff maintains that the opinion was inadmissible, citing in support *Concord Railroad* v. *Greely*, 23 N. H. 237. This case merely holds that in matters of common knowledge about which the jury know as much as a witness, an opinion cannot help them and therefore should not be introduced. This familiar principle is sound but inapplicable here, as it could reasonably be found by the Presiding Justice that the officer's testimony, due to his superior knowledge and the investigation he made, might aid the jury. *Dowling* v. *Shattuck*, 91 N. H. 234; *Zellers* v. *Chase*, 105 N. H. 266. We hold that the testimony was properly admitted within the Trial Court's discretion.

The plaintiff's final exception is addressed to the proposition that a report of the accident to the Motor Vehicle Department, admittedly signed by the plaintiff, was erroneously admitted. Various reasons are given for this contention: that the plaintiff did not write out the statement, that he did not remember signing

it, and that he was under sedation when he did sign it. No authority in point is cited to support the plaintiff's position in circumstances similar to those before us. This report contained information which it appears only the plaintiff could have given. The general law appears clear that a written statement signed by a party is admissible, even though he denies saying what it contains. *Davis* v. *Antol,* 203 Ky. 273; 31A C.J.S., Evidence, *s.* 282, *p.* 712. Also, the fact that he did not write the body of the statement is no bar to its introduction. *Fasanelli* v. *Terzo,* 150 Conn. 349.

It was not conclusively established that the plaintiff was incapacitated from making a statement because of medication, and while we have no New Hampshire case squarely in point, the majority view is that his alleged condition goes merely to the weight of the evidence and that the matter is for the jury to decide. *Aide* v. *Taylor,* 214 Minn. 212; McCormick, Evidence, *s.* 240. The inconsistency between his motor vehicle report and the position he took on the witness stand makes the document admissible. ( *Salvitti* v. *Throppe,* 343 Pa. 642; 4 Wigmore, Evidence ( 3d *ed* ), *ss.* 1048, 1053; see *Bellavance* v. *Company,* 99 N. H. 10 ). We accordingly overrule the exception.

What we have said appears to cover all questions briefed or argued, and the trial appearing free from error, the order is

*Judgment on the verdict.*

All concurred.