Strafford.
No. 5502.

### Doris M. Griffin *v.* Charles E. Theriault.

### Patricia A. March *v.* Doris M. Griffin *& a.*

Argued September 8, 1966.
Decided October 31, 1966.

*Burns, Bryant Hinchey & Nadeau* and *Paul R. Cox* ( *Mr. Cox* orally ), for the plaintiff March.

*Ovila J. Gregoire* and *Sulloway, Hollis, Godfrey & Soden* ( *Mr. Irving H. Soden* orally ), for Doris M. Griffin.

*Devine, Millimet, McDonough, Stahl & Branch* and *Matthias J. Reynolds* ( *Mr. Reynolds* orally ), for the defendant Theriault.

DUNCAN, J. Because of errors in the submission of the cases to the jury, the verdicts must be set aside and new trials ordered. Since the decree of the Trial Court setting aside the verdicts rests in part upon possible disregard of instructions which we consider to have been erroneous, we do not reach the issues presented by the exceptions to the decree setting aside the verdicts.

A summary of the facts is desirable for comprehension of the issues. The collision in question occurred in daylight on dry road and in fair weather, as the defendant Theriault was proceeding southerly on Main Street. Mrs. Griffin, a woman in her late thirties, with Mrs. March as her passenger was proceeding westerly on Indigo Hill Road intending to turn south on Main Street. Under an ordinance then in effect, traffic on Indigo Hill Road which intersected Main Street at right angles, was controlled by a stop sign and was required to " yield the right of way to all traffic " on Main Street. Indigo Hill Road enters the intersection on an upgrade, although the grade is less in the intersection itself. Mrs. Griffin was operating a garage car with

which she was unfamiliar, and which she had had trouble starting in the cold weather. Neither operator saw the other before the collision. The view of an operator traveling west was obstructed by buildings on the north side of Indigo Hill Road until the front of the automobile was beyond the stop sign, located several feet east of the easterly edge of the Main Street pavement.

The testimony of both Mrs. March and Mrs. Griffin indicated that Mrs. Griffin stopped her vehicle with the front at or nearly opposite the stop sign, and then proceeded for a distance of four to six feet, when the motor stalled. Mrs. Griffin testified that she then applied the foot brake, shifted into "park" in order to start the motor, operated the starter by means of the ignition key, with her left hand, and adjusted the hand choke with her right hand. According to both Mrs. Griffin and Mrs. March the motor was still stalled when the collision occurred.

After the collision both vehicles came to a stop side by side, headed south on the easterly side of Main Street, just south of the intersection. Theriault's automobile was slightly damaged on its left front mudguard, and the rim of the left headlight was cracked. The Griffin vehicle was dented toward the rear of the right front mudguard.

Both Mrs. Griffin and Mrs. March testified that the Griffin car was stationary when the accident occurred, and that it was pulled or pushed around the corner by the Theriault car. Theriault testified that after the collision, Mrs. Griffin said to him that "her car stalled and when it started, it started with a burst."

The evidence was in conflict as to whether there were cars parked along Main Street, and as to the course followed by Theriault before the accident. Theriault testified that because of parked cars he was traveling in the center of the thirty-foot street. Mrs. March testified that she saw him just before the collision and that his car was then on the left side of the road. Mrs. Griffin testified that she saw no approaching vehicle when she stopped where she could see to her right and that she did not again look to her right even when Mrs. March warned that they were about to be struck, because she was busy trying to start the motor.

There was evidence that while the Griffin car was stalled another vehicle passed through the intersection traveling either west to east or north to south, and that there was time for Mrs. March to warn that the Griffin car was about to be hit and for Mrs.

Griffin to reply, "well he will have to hit us. I can't move the car."

Suit was brought by Mrs. Griffin against Theriault, and by Mrs. March against both drivers.

Subject to exception, the jury was instructed with respect to the evidence that Mrs. Griffin had said that her car "started with a burst" as follows: "Now, we come to the claim Mr. Theriault is making against [Mrs. Griffin] and Mrs. March is not. That is based upon the testimony of Mr. Theriault that after the accident Mrs. Griffin said her car stalled and started with a burst. He claims that if it started with a burst, she was negligent in allowing it to start with a burst and this makes her at fault. The reason why Mrs. March cannot make this claim and is not making the claim and cannot recover on the basis of fault based upon this claim is because this is contrary to what she has testified to positively here. She has testified the car was stalled and was not in motion at the time of the collision, so, therefore, she cannot recover upon any finding of fault based upon the car being in motion or having started with a burst of speed. But you may consider this claim with respect to the question as to whether Mrs. Griffin is at fault so as to bar her from recovering in her action against Mr. Theriault. Bear in mind, of course, that the violation of the duty in and of itself does not make her at fault, but she would be at fault only if that violation caused or helped to cause the accident."

These instructions, by which Mrs. March was prevented from taking any advantage from the evidence of Mrs. Griffin's declarations following the accident, were given upon the theory that the law would not permit Mrs. March to recover upon evidence which was at odds with her own testimony. This proposition was advanced on behalf of Mrs. Griffin as defendant and rested primarily upon the decision of *Harlow* v. *Leclair*, 82 N. H. 506.

The testimony of both occupants of the Griffin car was to the effect that the car was stationary and the motor inoperative when the collision occurred. Mrs. Griffin testified that the "motor had not caught" before the impact and Mrs. March testified that the car "had not started . . . at the time this accident took place." Mrs. March also testified that in the collision the Griffin car was pulled "from the position we were in, up over the hill at Indigo Hill Road, around, and into the southerly lane of Main Street

. . . also. . . . " The position of both cars after the accident, facing southerly, south of the intersection, was not disputed.

From a review of the record as a whole, we are satisfied that if the jury chose to believe the defendant Theriault's testimony that Mrs. Griffin said her car had " started with a burst, " and believed that this in fact was what occurred, then it might reasonably find that the plaintiff March was honestly mistaken in her belief that the motor did not start because it had started as the collision occurred, and that the car went forward under its own power, and " with a burst " as Mrs. Griffin had said.

If as Mrs. Griffin and Mrs. March testified, no substantial portion of the Griffin car had entered the intersection when it became stalled, then unless the motor of the Griffin car aided in moving it up the grade and around the corner, Mrs. March's testimony that the car was pulled up over the hill and around and into Main Street described a physical impossibility, particularly in view of the slight damage to the Theriault car.

The doctrine of *Harlow* v. *Leclair*, 82 N. H. 506, *supra*, whatever its weaknesses ( see *Alamo* v. *Del Rosario*, 98 F. 2d 328 ( D. C. Cir., 1938 ); 9 Wigmore, Evidence ( 3d *ed.* ) *s.* 2594a, *p.* 601; McCormick, Evidence, *s.* 243, *p.* 516 ), was not intended to apply to cases where the party's own testimony consists of a " narrative of events . . . which he observed, " so that there is an " obvious possibility that he may be mistaken, " and where contradiction of his testimony would be " consistent with honesty and good faith. " *Id.*, 82 N. H. 506, 512. Mrs. March was not testifying to her " own motives, purposes or knowledge, or . . . reasons for acting as [ she ] did. " *Id.*

The defendant Griffin points out that the testimony of Mrs. March was not contradicted by other witnesses, but this ignored Mrs. Griffin's alleged extrajudicial statement, and the reasonable inferences from the undisputed circumstances surrounding the accident.

In order for the two vehicles to have come to a stop where they did, the Griffin car must have entered the intersection before or at the time of collision. If it was not in the intersection when it stalled, its presence there at the time of collision was explained only by the testimony that Mrs. Griffin said that it started with a burst. If this was the fact, and it started as the two cars met, the jury could find that Mrs. March was honestly mistaken in believing that the car never started.

We conclude that the instructions based upon *Harlow* v. *LeClair*, *supra*, were erroneously given. Since the jury returned a verdict for the plaintiff March with which she professes to be satisfied even though she has argued the error in this court, her exception to the instructions would doubtless be waived were the verdicts to be reinstated. However other instructions which we deem to have been erroneous were given subject to exceptions by all parties, albeit for varying reasons.

With respect to Mrs. Griffin's conduct while the car was stalled, the following instructions were given to the jury: "Mr. Theriault and Mrs. March . . . claim . . . that [Mrs. Griffin] was negligent . . . in failing to put her car in neutral when she stalled out in the intersection and letting it roll backwards to get out of the intersection . . . [I]t may be a violation of the ordinance not to have done this or it may also be negligence . . . Now, in order to decide the question . . . whether she should have put her car in neutral, taken her foot off the brake and backed back, you have to decide whether she could have done it or not. You have to use your own common sense and judgment. You have seen the view here, and you know what it was like. So if you decide it was more probable than otherwise in taking her car out of gear and putting it in neutral and taking her foot off the brake, it wouldn't have rolled back, it would not be negligence, but if you consider it would have rolled back, then [you will determine whether (?)] she was negligent, under all the circumstances."

Conceivably, under the instructions given, the jury could find that the plaintiff Griffin was barred from recovery against Theriault because she negligently started her car with a burst; and that the plaintiff March could recover against her because when her car stalled she had failed to let it coast back out of danger.

On the other hand, the jury may have returned all verdicts solely in reliance upon the instructions relative to the defendant Griffin's duty, under the ordinance and in the exercise of due care, to permit the vehicle to roll backward out of the intersection. We are of the opinion that it was error to submit this issue to the jury. The instructions permitted the jury to find that failure to let the car roll backward was a violation of the ordinance, and likewise a failure to exercise due care, depending upon "whether she could have done it or not." *Cf.* RSA 262-A:80 I. Aside from the weaknesses inherent in the view that reasonable care

could properly be found to require a driver to run the risks involved in permitting a stalled vehicle to coast downgrade backward, the absence of evidence to warrant a finding that such a procedure was physically possible made determination of the issue wholly speculative.

From the standpoint of violation of the ordinance, the evidence was even more speculative. If any substantial part of the car was in the intersection so as to interfere with traffic on Main Street, and thus constitute a violation of the ordinance, the likelihood that the car would roll backward of its own weight was correspondingly decreased because the grade in the intersection itself was comparatively less.

Additionally, we think it doubtful that the ordinance could properly be interpreted to require such a procedure. No authorities for the view that it could have been cited, and none which are persuasive have been found. See *Brillinger* v. *Ozias*, 186 App. Div. 221, 223. The issue need not be decided since we are of the opinion that on the record presented, the issue of failure to permit the vehicle to roll back out of the intersection should have been withdrawn from the jury. The exceptions to submission of the issue and to the instructions concerning it are sustained. Since all of the parties are affected by errors in submitting the cases to the jury, all verdicts are set aside.

The issue of whether the new trial in the action by Mrs. March shall be limited to the issue of liability is one of fact ordinarily for the Trial Court. *Lampesis* v. *Comolli*, 101 N. H. 491, 492. The order of the Trial Court setting aside the verdicts in these cases called for " a new trial . . . on all issues in all cases." The issues discussed by the decree however were confined to those relating to liability. The decree does not suggest that the jury was found to have disregarded any instructions relative to damages, or that any mistake affected the amount of the verdict for the plaintiff March. Although prior to the verdicts the defendants Griffin and Theriault joined in excepting " to the failure of the court to distinguish between lost wages and loss of earning capacity " in its instructions upon damages, these exceptions are waived by their present contentions that any new trial of the March case should be limited to the issue of liability.

Under the decided cases, a retrial for the correction of errors should be limited to the part of the case which might have been affected thereby, if the issues as to which no error occurred can

be separated therefrom. *Lampesis* v. *Comolli*, 102 N. H. 306, 308; *Moulton* v. *Langley*, 81 N. H. 138. In the circumstances of this case the question of whether the new trial of the March case should be limited to the issue of liability is for the Trial Court.

*New trials.*

All concurred.