Hillsborough,
No. 6288.

EARL MASTERSON *v.* ROBERT LACROIX

SAME *v.* MACMULKIN CHEVROLET, INC.

November 30, 1972.

*Nedved & Senn (Mr. Howard J. Nedved* orally) for the plaintiff.

*Hamblett, Kerrigan, LaTourette & Lopez, (Mr. Joseph M. Kerrigan* orally) for the defendants.

DUNCAN, J. These actions were brought to recover for personal injuries suffered by the plaintiff on January 21, 1966, when his automobile which he was operating was in collision

with a truck belonging to the corporate defendant operated by the defendant Lacroix on the Daniel Webster Highway south of Nashua. There was a trial by jury with a view, and verdicts were returned for the defendants. The sole issue presented in this court arises out of the plaintiff's exception to an instruction by the trial court based upon RSA 262-A:21 relating to the conduct of an operator of a motor vehicle upon a highway where either "the single center line" or "the barrier line" highway marking method is used. *Id.* The plaintiff's exceptions were transferred by the Presiding Justice, *Grant,* J.

The highway where the collision occurred is a divided highway, and the plaintiff entered it from a street which intersected the southbound lanes at a point where those lanes were divided from the northbound lanes by a concrete barrier, bordered on either side by a single yellow line.

The plaintiff wished to enter the northbound lanes, and proceeded southerly a distance of some three hundred feet to the end of the concrete barrier, where the yellow lines bordering it continued beyond it to the south, at a distance of eight feet apart, to some point not visible from the southerly end of the cement barrier. It could be found that he there undertook to turn into the northbound lanes by first crossing into the eight-foot macadam strip between the yellow lines, stopping his vehicle to await the passage of northbound traffic. While his vehicle was stopped, it was struck by the truck driven by Lacroix in the southbound passing lane, and was carried into or across the northbound passing lane, where it was again struck by a northbound vehicle.

In instructing the jury on the issue of contributory negligence, the trial court gave the following instruction, to which the plaintiff excepted: "It's the statutory duty of an operator not to drive his vehicle to the left or across an unbroken painted line in the highway. If you find there was a violation of this by the plaintiff and that this violation was causal, then that would be contributory negligence on the operator's part." The court also indicated that "both counsel" had referred to RSA 262-A:25, which was then read to the jury in full. The pertinent parts of this section provide: "Whenever any highway has been divided into two or more roadways

by leaving an intervening space or by a physical barrier or clearly indicated dividing section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the righthand roadway . . . . No vehicle shall be driven over, across or within any such dividing space . . . or section, except through an opening in such . . . dividing section or space or at a cross-over or intersection as established . . . ."

The plaintiff contends that section 25 is the applicable section, and that it was both erroneous and prejudicial to give the instruction based upon section 21. Section 21 had its origin in Laws 1949, 103:1 and Laws 1951, 79:1 and was later incorporated into RSA ch. 262-A, although not a part of the uniform code from which many provisions of that chapter were derived. *Cf.* Uniform Vehicle Code *s.* 11-311 (1967). Since 1951 the section has prohibited driving to the left of or across an unbroken painted line, "when the single center line highway marking method is used"; and also has prohibited crossing such a line in the operator's lane "when the barrier line highway marking system is employed", with exceptions which could not be found to be applicable here. RSA 262-A:21. Although the statutes contain no definition of the two marking methods to which section 21 refers, we see no reason to hold that section 21 does not apply to the system of marking employed at the scene of this accident. Its provisions relating to "barrier line" markings are consistent with the provisions of section 25 relating to highways divided by "intervening space or by a physical barrier or clearly indicated dividing section."

The plaintiff does not dispute the application of section 25. We hold that the court did not err in also giving the instructions based upon section 21. The evidence warranted a finding that the plaintiff's vehicle was both driven to the left of and across an unbroken line in the highway in violation of section 21, and across or within a dividing section "clearly indicated" by two unbroken lines in violation of section 25. If instructions relating to section 25 would have been sufficient without more, nevertheless the reliance placed upon section 21, which in this case forbade the same conduct, could not have been prejudicial.

The order is

*Exceptions overruled; judgments on the verdicts.*

GRIFFITH, J. did not sit; the others concurred.