Strafford
No. 6492

DOROTHY M. JONES v. KENNETH J. JONES

KENNETH J. JONES v. ALBERT A. TURCOTTE

October 31, 1973

554

*James J. Kalled,* by brief and orally, for Dorothy M. Jones.

*Lawrence J. Walsh* and *Charles F. Hartnett (Mr. Hartnett* orally) for Kenneth J. Jones.

*Fisher, Parsons, Moran & Temple* and *Devine, Millimet, McDonough, Stahl & Branch (Mr. Bartram C. Branch* orally) for Albert A. Turcotte.

DUNCAN, J.   Actions by Dorothy M. Jones against her husband, Kenneth, the operator of a vehicle in which she was a passenger, and by Kenneth J. Jones against the operator of a vehicle with which the Jones vehicle was in collision on Route 16 in Rochester on October 23, 1966. Jones was operating a 1962 Volkswagen in a southerly direction with his wife, Dorothy, as a passenger. Defendant Turcotte was operating a 1960 Chevrolet, also in a southerly direction. He had stopped on the west side to let his granddaughter out to get the newspaper at a store and had started ahead along the edge of the road intending to turn left, cross the highway and enter the driveway of his house on the opposite side. As Jones approached the Turcotte vehicle and was in the process of passing it, Turcotte turned to the left and the collision occurred. Jones testified that he was traveling about 35 to 40 miles per hour and that the front of his car was across the double yellow line when the impact occurred. A police officer testified that the impact took place in the northbound lane. The Jones car rolled over and came to rest about 108 feet from the point of impact. Trial by jury resulted in a verdict in favor of Dorothy Jones against Kenneth and a defendant's verdict in Kenneth's action against Turcotte. The questions of law raised by the exceptions of Kenneth Jones were transferred by *Dunfey,* J.

The defendant Jones' motions for nonsuit and directed verdict were properly denied. The evidence was sufficient to take the cases to the jury, and the plaintiff Dorothy was not bound by her testimony as to matters about which she could be mistaken. *Griffin v. Theriault,* 107 N.H. 411, 223 A.2d 655 (1966); *Wadsworth v. Russell,* 108 N.H. 1, 226 A.2d 492 (1967). We cannot say that it was an abuse of discretion

for the court to allow a police officer with eight years' experience, who had investigated about one hundred accidents per year and who had taken special courses in accident investigation, to express an opinion as to the point of impact, reaction time, or the angle of the cars on impact. *Walker v. Walker,* 106 N.H. 282, 210 A.2d 468 (1965); *Currier v. Grossman's,* 107 N.H. 159, 219 A.2d 273 (1966). Nor was it an improper limitation on cross-examination to exclude questions to the officer as to the meaning of a report filed by Turcotte.

Exception was taken to the charge to the jury to the effect that fault on the part of defendant Jones might be based on a violation of RSA 262-A:21 which prohibits the crossing of a double yellow line except in an emergency and in certain other specified situations. It is argued that neither Mrs. Jones nor Turcotte were among those whom the statute was intended to protect and that they cannot therefore take advantage of its violation. *See L'Esperance v. Sherburne,* 85 N.H. 103, 155 A. 203 (1931). *L'Esperance* was concerned with statutory provisions which were repealed in 1963 (RSA 250:1 (Vol. 2-A Replacement 1964)) and which had provided as follows: "250:1. Meeting Another. If a person traveling on a highway with a vehicle meets another person so traveling in the opposite direction, he shall seasonably turn to the right of the center of the traveled part of the road, so that each may pass the other without interference." RSA 250:1 (Vol. 2, 1955). These provisions were the progenitor of the present RSA 262-A:16 and obviously have no application to the circumstances of the cases before us.

The statute referred to in the instructions to the jury in these cases forbade crossing "to the left of nor across an unbroken painted line marked on the highway", with specified exceptions. RSA 262-A:21; *see Masterson v. Lacroix,* 112 N.H. 416, 297 A.2d 658 (1972). The purpose of such a statute is not only to protect travelers approaching each other from opposite directions, but also to prevent interference with an overtaken vehicle, which may seek to cross such a line "to permit ingress . . . to . . . property adjacent to the highway." RSA 262-A:21; *see* 2 D. Blashfield, Automobile Law & Practice §112.2 (3d ed. 1965). It was so held in *Mueller v. Trudell,* 78 S.D. 624, 106 N.W.2d 374, 378 (1960), where

the court pointed out that "such traffic control prevents . . . interference with the overtaken vehicle's right of way by an overtaking vehicle." *Accord, Walker v. American Bakeries Co.,* 234 N.C. 440, 442-43, 67 S.E.2d 459, 461 (1951). *See Tidwell v. Clarke,* 84 Nev. 655, 447 P.2d 493 (1968), referring to a "double pronged statute intended to protect not only a vehicle approaching from an opposite direction but a vehicle overtaken as well." *Id.* at 658-59, 447 P.2d at 495; *Vancleave v. Napier,* 399 S.W.2d 784, 789 (Tenn. App. 1964). The exception to the instructions relating to the statute is overruled.

The defendant Jones complains about the admission of evidence of speed signs, both some distance south of the accident, one relating to southbound traffic and one to northbound traffic. We find no prejudicial error here. Although they did not control speed for southbound traffic at the location of the accident, receipt of evidence of their existence is not ground for a new trial in these cases. Jones lived in the vicinity and passed these signs frequently and findably knew of their existence. They were among the circumstances under which he acted. The court charged the jury that the test of lawful speed was what was reasonable under the circumstances and that the posted speed was "only one factor to consider." We find no cause to grant a new trial on this issue.

Defendant Jones testified that he was traveling 35-40 miles per hour. Counsel for defendant Turcotte in argument stated that after an accident "you don't usually overestimate your speed, so it was probably at least forty." The defendant Jones contends that this invited the jury to find that his speed exceeded 40 miles per hour, of which he claims there was no evidence. Given the evidence of marks on the highway, the longest of which was 44' 6" in length, the fact that his vehicle turned over at least once, and that it came to rest 108 feet from the point of collision, we cannot say that the argument exceeded the bounds of legitimate advocacy.

The defendant Jones also contends that it was error to withdraw the issue of contributory fault of Mrs. Jones from the jury because of the change in burden of proof imposed upon the parties on this issue by repeal of RSA 507:8 which made contributory negligence a matter of defense and placed

the burden of proof upon the defendant. Laws 1969, 225:2, effective August 12, 1969; *cf.* Laws 1970, 35:1, effective May 4, 1970. We are of the opinion that RSA 507:8 continued to apply to accidents which occurred prior to August 12, 1969, even though trial occurred after that date. *Murphy v. Railroad,* 77 N.H. 573, 94 A. 967 (1915). "[T]he irresistible inference is, that if the legislature had intended that the [new] statute should apply to pending actions, language would have been used leaving no room for reasonable doubt upon that subject." *Id.* at 575, 94 A. at 969. We find no error in the withdrawal of the issue of Mrs. Jones' contributory fault from the jury. *Cormier v. Conduff,* 109 N.H. 19, 241 A.2d 795 (1968). We have examined all of defendant's other exceptions and find no error.

*Exceptions overruled; judgment on the verdicts.*

GRIMES, J., dissented in part; the others concurred.

GRIMES, J., dissenting in part:
I respectfully dissent from that part of the court's opinion that relates to the violation of RSA 262-A:21, the yellow-line statute. In my view, this statute has the same purpose as the old "law of the road" which required persons traveling in opposite directions when meeting to turn seasonably to the right of the center. RSA 250:1. This statute was repealed in 1963 and was superseded by RSA ch. 262-A. It was held in *L'Esperance v. Sherburne,* 85 N.H. 103, 155 A. 203 (1931), that the "law of the road" referred to above was applicable only to those meeting and passing one another in opposite directions, that it had no application when one vehicle was making a turn across the path of the other, and that it was error to submit it in that situation. The purpose of RSA 262-A:21 is also to prevent collision between vehicles passing one another in opposite directions. While it may secondarily relate to the avoidance of accidents with other vehicles within the orbit of danger created by oncoming vehicles, I cannot conceive that it was intended in any way to guard against the danger from or to left-turning traffic which was being overtaken. *Beraud v. Allstate Ins. Co.,* 251 So.2d 402 (La. App.

1971); *Sevin v. Diamond Drilling Co.,* 261 So.2d 375 (La. App. 1972); *Salvitti v. Throppe,* 343 Pa. 642, 23 A.2d 445 (1942). It has long been the law of this State that liability based on a violation of statutory duties attaches only for injuries which result from risks which the statute was designed to protect against. *Flynn v. Gordon,* 86 N.H. 198, 165 A. 715 (1933); *Martin v. Kelley,* 97 N.H. 466, 92 A.2d 163 (1952).

In this case there was no evidence that there was any vehicle coming in the opposite direction. Turcotte was headed in the same direction until he made his turn to the left. He was not therefore one for whose benefit RSA 262-A:21 was enacted. Mrs. Jones was not injured by collision with a car coming from the opposite direction nor from a danger created by such a car and therefore was not injured by a "hazard from which it was the purpose of the statute to protect [her]." *Flynn v. Gordon,* 86 N.H. at 200, 165 A. at 716. Since none of the consequences which the enactment was designed to guard against have resulted from its breach, such a breach does not constitute an actionable wrong even though some other injurious consequence has resulted. *Id.* In this case there is not even a showing that any more injurious consequences resulted from Kenneth's being across the yellow line than would have resulted if he had stayed to the right of it. It was error therefore to submit RSA 262-A:21 to the jury.

I am aware that in *Currier v. Grossman's,* 107 N.H. 159, 219 A.2d 273 (1966), and in *Masterson v. Lacroix,* 112 N.H. 416, 297 A.2d 658 (1972), similar statutes were submitted to the jury in cases involving vehicles going in the same direction. However, oncoming vehicles were involved in both cases and the applicability of the statute was not raised.