Carroll
No. 7281

WILLIAM FITZGERALD & a.

v.

PETER N. SARGENT

February 28, 1977

*James J. Kalled,* of Wolfeboro, by brief and orally, for the plaintiffs.

*Charles F. Hartnett* and *Anthony S. Hartnett,* of Dover (*Mr. Anthony S. Hartnett* orally) for the defendant.

PER CURIAM. The major issue in this case is whether the defendant was so prejudiced by the omission from the record on appeal of the final ten minutes of the trial judge's charge to the jury, lost as a result of mechanical failure of a stenographic voice machine, as to be entitled to a new trial. For the reasons which follow below, we affirm the lower court's decision that a new trial is not required.

These are actions on the case to recover damages for personal injuries, property damage, medical expenses and loss of consortium arising out of an automobile accident which occurred on May 30, 1970. Trial by jury resulted in a verdict for plaintiff Dorothy Fitzgerald in the sum of $9,775 and for plaintiff William Fitzgerald in the sum of $25,049.22. The defendant seasonably objected to the denial of his motions for a nonsuit and directed verdict and to the denial of his motion to reassign for trial, to certain rulings of the Trial Court (*Bois,* J.) admitting and excluding evidence and allowing portions of plaintiffs' counsel's argument, to certain portions of the charge to the jury, and to the court's refusal to charge as requested and to submit special questions to the jury. After the verdict, the defendant seasonably excepted to the denial of his motion to set aside the verdict. All questions of law raised by the foregoing exceptions were reserved and transferred.

The defendant asserts that the failure to record the final ten minutes of the trial court's one-hour charge to the jury impairs his right to appellate review to such an extent that he is entitled to a new trial. We do not agree that the deficiencies in the record herein prevent us from properly reviewing the proceedings below. The trial judge had available the notes on which his charge was based, from which he was able to reconstruct the unrecorded por-

tion of the charge. The missing portion of the charge did not deal with an unusual feature of the case or an arcane point of law, but merely covered the standard instructions on comparative negligence and damages which an experienced trial court reiterates frequently and routinely. Although defense counsel was present during the giving of the charge, he can point to no significant error therein, nor does he allege that the reconstructed charge differs in any respect from the original. In the absence of any showing by the defendant that he was in some way prejudiced by the failure to record, we find that his motion for a new trial was properly denied. *See People v. Chessman,* 35 Cal. 2d 455, 218 P.2d 769 (1950); *Herring v. Kennedy-Herring Hardware Co.,* 261 F.2d 202 (6th Cir. 1958); Annot., 19 A.L.R.2d 1098 (1951); *United States v. DiCanio,* 245 F.2d 713 (2d Cir.), *cert. denied,* 355 U.S. 874 (1957).

■ The defendant also contends that the disparity between the amounts awarded to the husband and to the wife indicates that the jury was confused on the issue of damages. It is true that although personal injuries were suffered by Mrs. Fitzgerald, her husband received the larger verdict. Part of this discrepancy is accounted for by the allocation to Mr. Fitzgerald of all past and future medical expenses incurred by his wife. The defendant argues, however, that the balance of the husband's verdict representing loss of services and consortium, estimated by the parties to be either $9,300 or $13,000, is excessive. The question of the excessiveness of a verdict is a determination for the trial judge, which will not be overturned by this court unless no reasonable person could have so found. *Jackson v. Leu-Pierre,* 112 N.H. 406, 296 A.2d 902 (1972); *Hanlon v. Pomeroy,* 102 N.H. 407, 157 A.2d 646 (1960). Examination of the record herein supports the trial court's decision to uphold the verdict, as does the experience of prior case law. *See, e.g., Labonte v. National Gypsum Co.,* 113 N.H. 678, 313 A.2d 403 (1973).

■ The defendant also objected to two references in the closing argument of counsel for the plaintiffs. At one point in his description of the accident, counsel stated that the defendant "panicked." Secondly, counsel speculated without support in the record that it would have taken the defendant ten seconds at an average speed of seven and one-half miles per hour to cross the intersection where the accident occurred. The trial court, however, twice admonished the jury to utilize their own recollection of the evidence and to

disregard any remarks made by counsel which were inconsistent therewith. We find that this instruction, emphasized by repetition, cured any impropriety which may have been present in plaintiffs' counsel's remarks. *See Martin v. Kelley,* 97 N.H. 466, 92 A.2d 163 (1952).

The balance of defendant's copious exceptions are without merit, and may be dealt with summarily. Issues such as the granting of a continuance, the adequacy of the authentication and foundation of evidence, the qualification of experts, the admissibility of opinion evidence and the proper scope of a witness' redirect testimony rest within the sound discretion of the trial court. The record herein discloses no error by the judge below in connection with his rulings on any of the foregoing matters. *Jones v. Jones,* 113 N.H. 553, 311 A.2d 522 (1973); *Walker v. Walker,* 106 N.H. 282, 210 A.2d 468 (1965); *see, e.g., McReel v. Scammon,* 100 N.H. 344, 126 A.2d 261 (1956). The trial court's exclusion as hearsay of a letter from a witness not present at trial which the defendant sought to introduce was proper. Testimony by plaintiff William Fitzgerald concerning his wife's physical condition, if not admissible as a statement of present bodily condition under the well-recognized exception to the hearsay rule, *see* C. McCormick, Evidence § 291 (2d ed. 1972), constituted harmless error, since Mrs. Fitzgerald later took the stand and testified to these matters in full. Exceptions to the judge's charge raise points of law which are of little or no significance in this case. The withdrawal of the issue of Mrs. Fitzgerald's contributory negligence from the jury was proper, for under the circumstances presented herein she was under no duty to observe the road. *Cormier v. Conduff,* 109 N.H. 19, 241 A.2d 795 (1968).

The insubstantiality of some of these arguments must undoubtedly have been apparent to counsel from the outset. The efficient administration of the judicial system of this state is impeded when this court is asked to consider virtually every adverse ruling rendered at the trial level (over forty briefed points in this case) and we once again commend to the attention of the bar our observations in *Berke & Co. v. Griffin, Inc.,* 116 N.H. 760, 767, 367 A.2d 583, 588 (1976) and *State v. Miller,* 117 N.H. 67, 68–69, 369 A.2d 197, 198–99 (1977).

*Exceptions overruled.*

BOIS and DOUGLAS, JJ., did not sit.