Carroll,
No. 5965.

JOYCE HARVEY BILODEAU

*v.*

KENWOOD HANSON.

June 30, 1970.

*James J. Kalled* ( by brief and orally ), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* and *Arthur G. Greene*
( *Mr. Arthur G. Greene* orally ), for the defendant.

GRIMES, J. Action by a passenger against the driver of another vehicle to recover for personal injuries. The action was tried by jury together with an action by the same plaintiff against one Barbara Hickey, the operator of the vehicle in which plaintiff was riding. The jury returned a verdict against Hickey, but for the defendant Hanson. Plaintiff's exceptions to the charge and to the refusal of the court to direct a verdict for the plaintiff were transferred by *Leahy,* J.

The two vehicles were approaching each other in opposite directions. Hanson was proceeding southerly and had rounded a curve to his right. Hickey was proceeding northerly and had driven out of a driveway on the easterly side of the road and in doing so had crossed over into the southbound lane. When Hanson first saw her, she was about 600 feet away near the opposite end of a straightaway. He was travelling 40 miles per hour. There was no other traffic. It was daylight and the weather was clear. The vehicles collided about midway of the straightaway and on Hanson's side of the road. The Hickey vehicle continued to remain partly in the southbound lane from the time Hanson first saw it, and finally at the time of collision was entirely in that

lane. Hanson testified that he thought she had made a wide turn out of the driveway and would return to her own side of the road. When he realized she was not going to turn back into her own lane, he applied his brakes, leaving 64 feet of marks on the highway behind his rear wheels before the collision.

He had testified that he was going 40 miles per hour when he first saw the Hickey car, and on deposition testified that he estimated he was going 40 miles an hour when he applied his brakes. Plaintiff contends that defendant is bound by this testimony under *Harlow* v. *Leclair,* 82 N.H. 506, 136 A. 128, and that his testimony at trial that he took his foot off the throttle when he first saw the Hickey car and was going "slightly less than 40 miles an hour" when he applied his brakes should be disregarded. Plaintiff further contends that, since his testimony, on deposition, by which it is claimed he is bound, shows that he did not slow down before applying his brakes although the Hickey car was at least partly in his lane for the entire time she was within his view, he should be held to have been negligent as a matter of law. The doctrine of *Harlow* v. *Leclair* does not apply to the situation presented to us in this case which related to the defendant's estimate of his speed. *Griffin* v. *Theriault,* 107 N.H. 411, 416, 223 A.2d 655, 659.

Not being bound by the testimony as to his speed, the jury was entitled to find that he did remove his foot from the throttle and had slowed to some extent at least prior to the application of his brakes. But even if he were found not to have slowed down prior to the application of the brakes, he would not be guilty of fault as a matter of law. The jury could find that defendant was justified in assuming at least most of the time involved that Hickey would return to her own side of the road. Even if he were negligent in not applying his brakes sooner than he did, a finding that this failure was causal of the accident was by no means compelled. There was evidence that defendant's car had come to a stop prior to the collision, and, with the Hickey car then entirely on his side of the road, the jury could find that had he stopped sooner, the collision would still have occurred. The motion for directed verdict was properly denied.

The court read to the jury at plaintiff's request RSA 262-A:54 ( III ) which states in part that "The driver of every vehicle shall, consistent with requirements of paragraph I, drive at an appropriate reduced speed . . . when approaching and going around

a curve . . . and when special hazard exists with respect to . . . other traffic by reason of weather or highway conditions. "

At the conclusion of the charge plaintiff excepted to the failure of the court to state that her claim was that the position of the Hickey vehicle created a "special hazard . . . with respect to . . . other traffic" which required defendant to reduce his speed. However, this claim ignores the words "by reason of weather or highway conditions." No weather or highway conditions existed in this case which created a hazard to other traffic and the court was correct in not submitting the claim under this paragraph of the statute. The court elsewhere in his charge read paragraph I of the statute and instructed the jury that in considering the reasonableness of defendant's speed it should consider all circumstances including "the nature of the traffic on the highway." Considering the charge as a whole we find no error in it.

In view of the results we have not considered the defendant's exception.

*Judgment for the defendant.*

GRIFFITH, J., did not sit; the others concurred.